[No. 31758. Department Two. November 13, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE E. SPARR, *Appellant*.[1]

*Dailey & Conroy*, for appellant.

*Phillip Sheridan, C. P. Brownlee*, and *Harold J. Hall*, for respondent.

[1]Reported in 237 P. (2d) 194.

PER CURIAM.—Appellant was charged with the crime of grand larceny. Trial by jury resulted in a verdict of guilty and this appeal followed.

There are two assignments of error on appeal:

1. That the court erred in denying defendant's motion for a new trial for the reason that the verdict was contrary to law and the evidence in that the value of the motors, which were the subject of the larceny, was not established to be great enough at the time of the theft to make the larceny the crime of grand larceny;

2. That the court erred in admitting plaintiff's exhibits "R" and "S".

■ The first assignment of error is without merit. A distributor of electric motors, such as those in question, testified that the motors in 1949 would have been of the value of ninety dollars and forty-eight dollars, respectively. This testimony went in without objection and was not contradicted. It is now contended that since there was no showing on the part of the state that the motors, at the time of the taking, were in the same condition as they were at the time of their examination by the state's witness, there was no proof as to the value of the motors. We think that the evidence was sufficient, in the absence of an objection by the defendant on proper grounds.

■ The second assignment of error is likewise without merit for the reason that no objection was made to testimony regarding exhibits "R" and "S". At the time the exhibits were offered into evidence the objection interposed was that the exhibits were not relevant, which objection was not sufficient. On appeal it is urged that the testimony connecting them up was hearsay. No such objection was interposed during the trial and hence may not be raised on appeal.

The judgment of conviction is affirmed.