[No. 34554.   Department One.   June 11, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE TANZYMORE, *Appellant*.[1]

*Murray B. Guterson*, for appellant.

*Charles O. Carroll* and *Anthony Savage, Jr.*, for respondent.

[1]Reported in 340 P. (2d) 178.

FOSTER, J.—The assignments of error upon this appeal from a conviction of second-degree assault are:

. "1. The court erred in not allowing appellant's requested instructive No. 9.

"2. Substantial justice was denied the appellant in the lower court.

. "3. The appellant did not have a fair trial because of the prejudicial testimony of police officers called by the State."

Appellant's requested instruction No. 9 is as follows:

"The burden is upon the State to prove the guilt of the accused beyond a reasonable doubt and to a moral certainty. All of the jurors must be satisfied of his guilt beyond a reasonable doubt, to warrant a verdict of guilty, and if any member of the jury entertains a reasonable doubt as to the defendant's guilt, then you cannot find the defendant guilty."

While respondent argues that the exception taken is not sufficiently specific, we need not discuss that problem because the court gave the standard instruction on reasonable doubt.[2] This instruction has been accepted as a correct statement of the law for so many years, we find the assignment without merit.

A brief review of the facts is necessary for consideration of the other two assignments of error.

Sometime prior to the assault, appellant lived with another man's wife, Lena Lee Pinchback, who later became

[2] "You are instructed that the law presumes a defendant to be innocent until proven guilty beyond a reasonable doubt. This presumption is not a mere matter of form, but it is a substantial part of the law of the land, and it continues throughout the entire trial and until you have found that this presumption has been overcome by the evidence beyond a reasonable doubt.

"The jury is further instructed that the doubt which entitles the defendant to an acquittal must be a doubt for which a reason exists. You are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely vague, imaginary, or conjectural. A reasonable doubt is such a doubt as exists in the mind of a reasonable man after he has fully, fairly, and carefully compared and considered all of the evidence or lack of evidence introduced at the trial. If, after a careful consideration and comparison of all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt."

reconciled with her husband, Julius Pinchback, and returned to live with him. At the time of the episode, the Pinchbacks were living with Mrs. Pinchback's sister, a Mrs. Beauchamp. At five o'clock on the morning in question, while the Beauchamps and the Pinchbacks were in bed, appellant arrived at the Beauchamp home. An altercation ensued, during which the appellant fired several shots directed at Mr. Beauchamp. By force, appellant compelled Mrs. Pinchback to leave her husband and accompany appellant to his home. Thereafter, appellant went to the home of another sister of Mrs. Pinchback's, a Mrs. Overall, where another altercation occurred, during which appellant fired several shots into the wall over Mrs. Overall's bed and struck her with a revolver. There were eye witnesses to each episode. Police officers testified as to the contradictory statements made by the appellant following his arrest.

The second assignment of error is that substantial justice was denied the appellant in the lower court. No error is pointed out under this assignment. It presents no issue. Rule on Appeal 43, RCW, Vol. 0, so far as material, is as follows:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. . . ."

The third assignment of error is that the appellant did not have a fair trial because of prejudicial testimony of police officers called by the state. No objection was made at the time of the trial to any such testimony. Therefore, it cannot now be considered. *State v. Sparr*, 39 Wn. (2d) 576, 237 P. (2d) 194; *State v. Linton*, 36 Wn. (2d) 67, 216 P. (2d) 761; *State v. Whetstone*, 30 Wn. (2d) 301, 191 P. (2d) 818.

In view of the fact that three eye witnesses testified they saw the appellant shoot at Beauchamp, and two other witnesses testified they saw the appellant fire at Mrs. Overall and then hit her with the weapon, and other corroborating evidence, it can hardly be claimed that, even if the evi-

dence were inadmissible, there was any prejudice to the appellant.

■ After the appeal to this court had been perfected and the appellant's opening brief filed, he changed lawyers. Present counsel filed a reply brief on February 26, 1959, in which there is a supplemental assignment of error. Oral argument was heard on March 3, 1959. The supplemental assignment of error in that reply brief cannot be considered.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.