[No. 1793-3. Division Three. July 27, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. REUBEN M.
FLORES, *Appellant*.

*Ronald K. McAdams* and *McAdams & Schacht*, for
appellant.

*Arthur R. Eggers, Prosecuting Attorney*, and *John S.
Biggs, Deputy*, for respondent.

McINTURFF, J.—Reuben M. Flores appeals his conviction
of aiding and abetting the June 15, 1975, armed robbery of
a Walla Walla pharmacy, RCW 9.01.030 and RCW 9.75.010.

He also received a mandatory minimum term of incarceration by virtue of his accomplice's use of a deadly weapon during the robbery, RCW 9.95.040(1). Mr. Flores first contends that the trial court erred when it gave that portion of the reasonable doubt instruction which refers to "substantial doubt". The instruction reads:

Instruction No. 13

The burden is on the State of proving every fact material and necessary to a conviction by competent evidence beyond a reasonable doubt. It is not sufficient that the State should prove these facts by a mere preponderance of the evidence, nor, on the other hand is it necessary that it should prove them conclusively in such a manner as to leave no room for any doubt whatever. Very few things in the whole domain of human knowledge are susceptible of absolute proof. We can have a moral certainty or a reasonable certainty, which may vary in degree, but rarely an absolute certainty.

The expression "reasonable doubt" means in law just what the words imply—a doubt founded on some good reason. It must arise from the evidence or lack of evidence. It must not be a mere whim or a vague conjectural doubt or misgiving founded upon mere possibilities. It must be a *substantial* doubt, such as an honest, sensible and fairminded man might with reason entertain consistently with a conscientious desire to ascertain the truth.

(Italics ours.)

The defendant attacks the court's instruction on "substantial doubt" for overstating the degree of uncertainty required for reasonable doubt and lessening the burden of proof upon the State. We are constrained to disagree. Although we believe the word "substantial" should not have been used, when we apply the rules regarding the interpretation of instructions, we cannot find error sufficient to overturn the defendant's conviction.

██ Our courts, when reviewing "reasonable doubt" instructions, have refused to isolate a particular phrase and,

instead, have construed them as a whole.[1] In each case the goal is an instruction which fairly states the law. Furthermore, in a different context, it has been said, "it is presumed that a jury reads and follows the court's instructions as a composite whole."[2] The context of the paragraph into which the phrase "substantial doubt" is written is concerned with distinguishing real from imaginary doubts. As one court said in reviewing an instruction which defined "reasonable doubt" as ". . . doubt for which a reason exists":

> [T]he particular phrase, when read in the context of the entire instruction does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

*State v. Thompson,* 13 Wn. App. 1, 5, 533 P.2d 395 (1975).

■ However, we do not intend by this opinion to sanction the use of the word "substantial" in a "reasonable doubt" instruction. As one judge, in *State v. Davis,* 482 S.W.2d 486, 490 (Mo. 1972) (Seiler, J., concurring), appropriately noted:

> "Reasonable" and "substantial" are not synonymous, as can be seen by referring to any of the standard dictionaries. The point was well put by counsel in argument recently where he pointed out that if one had to undergo a serious operation and were querying the doctor as to the prospects for a successful outcome, how differently the person would feel if the doctor told him there was only a reasonable chance of success as opposed to being told there was a substantial chance of success.

Using "substantial" invites confusion and further definition because without an explanation of the phrase, the tendency

---

[1] *State v. Wappenstein,* 67 Wash. 502, 121 P. 989 (1912); *State v. Harsted,* 66 Wash. 158, 119 P. 24 (1911); *State v. Quinn,* 56 Wash. 295, 105 P. 818 (1909); *State v. Thompson,* 13 Wn. App. 1, 533 P.2d 395 (1975).

[2] *State v. Jamerson,* 74 Wn.2d 146, 148, 443 P.2d 654 (1968). *See State v. Jones,* 14 Wn. App. 876, 545 P.2d 1210 (1976).

to mislead the jury is apparent. Here, the phrase was qualified by the words "such as an honest, sensible and fair-minded man might with reason entertain consistently with a conscientious desire to ascertain the truth." We note that in cases which have approved the use of the word "substantial", the courts were attempting to distinguish between an imaginary, sympathetic, whimsical, vague, conjectural, or mere possible doubt and that kind of doubt that is real, or founded upon some good reason.[3] Because of the implication in *State v. Davis, supra,* and the potential for confusion, the phrase also begs assignments of error.

It should be clear that an instruction which describes "reasonable doubt" as a "substantial doubt" is not preferred. The adjective "substantial" could be eliminated from the instruction as given in this case, yet the meaning which it intends to convey (a real as opposed to vague or conjectural doubt) would remain. The instruction set out in *State v. Tanzymore,* 54 Wn.2d 290, 291, 340 P.2d 178 (1959),[4] achieves the goal sought here without the invitation for confusion and error resulting from the use of the word "substantial". An instruction such as the one in *Tanzymore* should have been used instead.

If this claimed error was error, it was not prejudicial.

---

[3]In *State v. Harsted,* 66 Wash. 158, 162–63, 119 P. 24 (1911), the court considered an instruction much like that given here and said:

The phrase "reasonable doubt" is so clear and exact that it may well be doubted whether an instruction has ever been formulated that served to either simplify or elucidate it. It means, however, if it can be said to be resolvable into other language, that it must be a substantial doubt or one having reason for its basis, as distinguished from a fanciful or imaginary doubt, and such doubt must arise from the evidence in the case or from the want of evidence.

See also *State v. Murphy,* 113 R.I. 565, 323 A.2d 561 (1974); *State v. Matushefske,* 59 Del. 163, 215 A.2d 443 (1965); and *Merritt v. Commonwealth,* 386 S.W.2d 727 (Ky. 1965).

[4]That portion of the instruction concerning "reasonable doubt" reads:

"The jury is further instructed that the doubt which entitles the defendant to an acquittal must be a doubt for which a reason exists. You are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely vague, imaginary, or conjectural. A reasonable doubt is such a doubt as exists in the mind of a reasonable man after he has fully, fairly, and

Judgment of the Superior Court is affirmed.[5]

MUNSON, C.J., concurs.

GREEN, J., concurs in the result.

Petition for rehearing denied August 30, 1977.

Review denied by Supreme Court February 3, 1978.

---

carefully compared and considered all of the evidence or lack of evidence introduced at the trial. If, after a careful consideration and comparison of all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt."
*State v. Tanzymore, supra* at 291 n.2.

[5]The remainder of this opinion will not be published as it is not precedential.