[No. 5277–1.   Division One.   April 27, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY LAWRENCE WALKER, *Appellant*.

*Bruce D. MacLean,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

FARRIS, C.J.—Walker was charged with three counts of indecent liberties with a person under 14 years of age (RCW 9A.88.100(1)(b)). He appeals from judgment entered on a jury verdict. Three young girls (ages 8, 8 and 10) testified to acts of simulated sexual intercourse committed on them by Walker during the late evening hours of July 17, 1976. Their testimony was corroborated in several respects. There is no dispute that the record is sufficient to support a finding of guilt beyond a reasonable doubt if the jury believed the State's witnesses.

The defense was alibi. Walker and three members of his family testified that Walker was at home watching television throughout the evening of the 17th except for a brief trip to the store.

■ Several of Walker's contentions concern the proper scope of cross–examination of these alibi witnesses and their subsequent impeachment by contradicting rebuttal testimony. None of these objections were raised at trial; we will not consider them for the first time on appeal. *See State v. Johnson,* 69 Wn.2d 264, 273, 418 P.2d 238 (1966); *State v. Sharp,* 15 Wn. App. 585, 588, 550 P.2d 705 (1976).

Two of the rebuttal witnesses were present in the courtroom in violation of a court order excluding witnesses. The record reflects that their testimony was corroborated by another witness who did not violate. the exclusion order. *See State v. Todd,* 78 Wn.2d 362, 372, 474 P.2d 542 (1970). However, we consider Walker's allegation of error further because of the noncorroborated portion of the rebuttal testimony.

■ The initial decision to exclude witnesses from the courtroom is a matter within the discretion of the trial court. *State v. Johnson,* 77 Wn.2d 423, 428, 462 P.2d 933 (1969); *State v. Adams,* 76 Wn.2d 650, 659, 458 P.2d 558 (1969). The subsequent determination to allow testimony of a rebuttal witness who, in violation of the exclusionary rule, remained in the courtroom is also within the discretion of the trial court. We will not reverse unless there is a manifest abuse of that discretion. *State v. Bergen,* 13 Wn. App. 974, 978, 538 P.2d 533 (1975).

The record reveals only the fact that the violation occurred. There is nothing to indicate the extent of the violation nor is there a showing of prejudicial impact on Walker's case. The trial judge did not abuse his discretion in admitting the testimony.

■■ Finally, Walker contends that the trial court's instruction on reasonable doubt could have misled the jury into assuming that he had the burden of producing a reason to doubt the State's case. The following Washington pattern instruction was given verbatim:

The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged.

> The plaintiff has the burden of proving each element of the crime beyond a reasonable doubt.
>
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find it has been overcome by the evidence beyond a reasonable doubt.
>
> *A reasonable doubt is one for which a reason exists. You are not to consider doubts that are unreasonable or which are unsupported by evidence or lack of evidence.* A reasonable doubt is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

(Italics ours.) WPIC 4.01, 11 Wash. Prac. 38 (1977). Walker argues that the italicized sentences are capable of misleading a jury. We recognize that the sentences, if read alone, might result in confusion as to the burden of proof and the meaning of reasonable doubt, primarily because of the negative character of the second italicized sentence. However, we must consider the instruction in its entirety along with all other instructions given. *State v. Flores,* 18 Wn. App. 255, 256–57, 566 P.2d 1281 (1977). When read as a whole, the instructions properly inform a jury that the State has the total burden of proving each element of the offense beyond a reasonable doubt but that its burden does not extend to disproving unreasonable doubts. *State v. Tanzymore,* 54 Wn.2d 290, 291, 340 P.2d 178 (1959).

While the instruction is not erroneous, it can be improved upon. The possibility of confusion is removed if the last paragraph of the instruction is redrafted in positive language:

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

We suggest that the instruction be so modified if it is used in the future.

Affirmed.

JAMES and RINGOLD, JJ., concur.

Reconsideration denied June 6, 1978.

Review denied by Supreme Court October 20, 1978.