[No. 10834-4-I.   Division One.   December 27, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. TOMMY LEE PRICE, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

CORBETT, J.—The defendant, Tommy Lee Price, appeals his judgment and sentence for unlawful imprisonment and simple assault. We affirm.

During the early morning hours, the complaining witness, a 15–year–old girl, came into contact with the defendant in the neighborhood of 20th and East Madison Street in Seattle. She testified that the defendant grabbed her around the neck and forced her to walk to a porch where he told her to take off her clothes. She took off her pants, and defendant lay on top of her. She testified that her memory of the details was not clear because of her intoxication; however, she clearly remembered trying to scream and that defendant repeatedly choked and threatened her. A witness heard the screams and called police. The police found the complaining witness on the porch with her pants down; the

defendant was kneeling over her and his pants were unzipped. The defendant was arrested and the complaining witness was taken to Harborview Hospital where she was treated for bruises on her neck.

Defendant testified that the complaining witness, who he thought was 18 or 19 years old, asked him to help her get to Broadway Avenue. As they walked along, she leaned on him to balance herself, but at one point started yelling for no reason. He then grabbed her to help her regain control. Defendant admitted that he intended to have sex with the girl, but claimed that she voluntarily took off her pants and that he never intended to rape her.

Defendant assigns error to instruction 10.[1] It was given in conjunction with instruction 9, to define the elements of kidnapping in the first degree. The definition of "restraint" is substantially that contained in RCW 9A.40-.010(1). An instruction essentially in the words of a statute is a proper instruction. *State v. Levage,* 23 Wn. App. 33, 35, 594 P.2d 949 (1979). Defendant argues that in order to be guilty of unlawful imprisonment, the State must prove that he had knowledge the person restrained was under 16 years of age. The elements of unlawful imprisonment were set out in instruction 16.[2] No objection was made to this instruc-

---

[1]Instruction 10 reads:

"'Abduct' means to restrain a person by either secreting or withholding the person in a place where that person is not likely to be found or using or threatening to use deadly force. Restraint means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with that person's liberty. Restraint is without consent if it is accomplished by physical force, intimidation or deception or any means including acquiescence, if the victim is a child less than 16 years old and if the parent has not acquiesced."

[2]Instruction 16 provides:

"To convict the defendant of the crime of unlawful imprisonment, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 23 day of May, 1981, the defendant knowingly restrained another person by restricting that person's movements in a manner which interfered substantially with that person's liberty;

"(2) That such restraint was without that person's consent, was accomplished by physical force, intimidation or deception, was accomplished by any means including acquiescence and the victim was a child less than 16 years old, and the

tion and it, therefore, became the law of the case. *State v. Sims,* 14 Wn. App. 277, 281, 539 P.2d 863 (1975). Neither the instruction nor the statute, RCW 9A.40.040,[3] require knowledge of the victim's age. Instruction 10 is not so inconsistent with 16 that when read together they require such knowledge. The court did not err by so instructing the jury.

The defendant next assigns error to the last sentence of the reasonable doubt instruction.[4] He contends that the phrase "abiding belief" confused the jury and shifted the presumption of innocence and burden of proof to the defense. He argues that the jury could have convicted him, despite having had a reasonable doubt of his guilt, if it had an abiding belief in the truth of the charge against him. He claims that the court abused its discretion in failing to revise the last sentence of the instruction to read as follows:

If, after such consideration, you have a doubt for which a reason exists, then guilt has not been established beyond a reasonable doubt.

The reasonable doubt instruction was worded in the language of WPIC 4.01, as revised by *State v. Walker,* 19 Wn. App. 881, 884, 578 P.2d 83 (1977), and approved in *State v. Tharp,* 27 Wn. App. 198, 616 P.2d 693 (1980), *aff'd on other grounds,* 96 Wn.2d 591, 637 P.2d 961 (1981). Contrary to defendant's contention, the *Tharp* court held that an identical instruction "made clear that . . . the burden of

---

parent had not acquiesced;

"(3) That such restraint was without legal authority; and

"(4) That the acts occurred in King County, Washington . . ."

[3]RCW 9A.40.040 provides, in pertinent part:

"Unlawful imprisonment. (1) A person is guilty of unlawful imprisonment if he knowingly restrains another person."

[4]"A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt."

proof rested on the State." *State v. Tharp, supra* at 212. In addition, the jury was directed to consider the instructions as a whole, and the instructions defining the elements of simple assault and unlawful imprisonment both stated:

[I]f, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

The jury was clearly informed that despite having an abiding belief in the truth of the charge, it could not convict the defendant if it had a reasonable doubt as to any of the elements of the crimes with which he was charged. Therefore, the phrase "abiding belief" could not have misled or confused the jury and the instruction was not error.

Finally, the defendant urges reversal of his conviction based upon the cumulative effect of incorrect jury instructions and improper conduct on the part of the prosecutor. During the trial, the prosecutor walked to the back of the courtroom to comfort the victim, who began crying during defendant's testimony. The following colloquy then took place in the presence of the jury:

PROSECUTOR: Your Honor, I had intended to call a rebuttal witness, but I'm not sure that she'll be in any condition—

THE COURT: Do you want to call a rebuttal witness at this time?

PROSECUTOR: I wonder if I could have a few minutes, she's a little upset.

The issue is whether there is a substantial likelihood that the prosecutor's remarks and actions affected the jury's verdict and deprived the defendant of his right to a fair and impartial trial. *State v. Music,* 79 Wn.2d 699, 715, 489 P.2d 159 (1971), *vacated,* 408 U.S. 940, 33 L. Ed. 2d 764, 92 S. Ct. 2877 (1972). Resolution of this issue lies within the sound discretion of the trial judge. *State v. Torres,* 16 Wn. App. 254, 264, 554 P.2d 1069 (1976).

The court denied a defense motion for a mistrial, holding that although it was improper for the prosecutor to make such a statement in front of the jury, it was not prejudicial.

It does not appear from the record that the jury's verdict was swayed by the prosecutor's actions. The trial court's denial of the motion for a mistrial was, therefore, well founded. There being no prejudice from the prosecutor's misconduct, and the instructions being properly given, the defendant's argument concerning cumulative error is without merit.

Affirmed.

ANDERSEN, C.J., and WILLIAMS, J., concur.

Reconsideration denied February 9, 1983.

Review denied by Supreme Court April 18, 1983.