[No. 11207–4–I. Division One. May 25, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY
E. HARVEY, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Larry E. McKeeman, Deputy,* for respondent.

CORBETT, J.—Defendant, Jerry E. Harvey, appeals his judgment and sentence for first degree robbery and a special deadly weapon finding. We affirm.

Defendant was granted a new trial after the trial court found that a hearing impairment of defense counsel prevented effective representation. A new attorney was appointed for the second trial. Defendant first assigns error to the court's failure to conduct a new suppression hearing before the second trial. He argues that because the trial court determined that counsel was ineffective at trial, counsel was necessarily ineffective at the suppression hearing.

Although many issues were relitigated at the second trial, the new counsel specifically declined to challenge the earlier suppression rulings. Defendant does not contend that the rulings were incorrect or that the new counsel did not provide effective representation. Absent some allegation of prejudice or citation of authority, we cannot conclude the defendant was denied effective representation because of the court's failure to sua sponte require a second suppression hearing.

Defendant next assigns error to the denial of his motion for a mistrial, based on alleged prosecutorial misconduct during closing argument. He asserts that the prosecutor attempted to inflame the jury by speculating about what could have happened during the robbery, and that such argument denied him a fair trial. For example, the prosecutor stated:

Members of the Jury, at this point in the crime there is a potential hostage situation. Why this defendant and his accomplice chose to run out the door, not knowing whether the police would fire, no one will ever know. But

certainly the alternative, holding those people hostage, could have presented a most deadly situation.

Defendant's objection to this statement was sustained. The prosecutor then continued:

Had Officer Kowalczyk gone around the hedge, very likely he would have been a dead man.

Again, an objection was made that the remarks were inflammatory. The court cautioned the prosecutor. Later the prosecutor stated:

The discovery of the bullet in the ground—and I think that it would certainly be reasonable for you to infer those shots were fired at the police dog, Ranger. Members of the Jury, the type of handgun this defendant had, a .357 Magnum with a four-inch barrel, is as deadly a handgun as is made.

An objection was made and sustained. The prosecutor continued:

Members of the Jury, the next significant fact occurs at 12:15 when this defendant telephones his car as stolen . . . That is very interesting because the story given to Officer Aesquivel is that the car was stolen the previous night from Ballard, 15 miles away. Members of the Jury, that is the oldest ruse in the book.

Defendant's objections to these statements were overruled. Later, the prosecutor made this statement:

Very interesting that Ms. Felder was able to remember just exactly what heels she was wearing when she couldn't remember anything about Tuesday night. That is a common technique used in interviewing people who purport to provide an alibi.

Defense counsel made a total of 10 objections during the prosecutor's closing argument, 3 of which were sustained.

■ In closing argument, counsel are given latitude to draw and express reasonable inferences from the evidence. *State v. Wilson*, 29 Wn. App. 895, 903 (1981). While it is improper for a prosecutor to assert his personal belief of a defendant's guilt, it is not improper for him to comment upon evidence which may bear upon a defendant's credibility. *State v. Jefferson*, 11 Wn. App. 566, 569, 524 P.2d 248

(1974). The burden is upon the defendant to establish not only the impropriety of the prosecutor's remarks, but also their prejudicial effect. The issue is whether there was a substantial likelihood that the alleged misconduct affected the jury's verdict, thereby depriving defendant of a fair trial. *State v. Evans*, 96 Wn.2d 1, 5, 633 P.2d 83 (1981). Resolution of this issue lies within the sound discretion of the trial court. *State v. Price*, 33 Wn. App. 472, 476, 655 P.2d 1191 (1982). The jury was instructed that counsel's argument was not evidence and was to be disregarded when not supported by the evidence. Jurors are presumed to follow the court's instructions. *State v. Kroll*, 87 Wn.2d 829, 835, 558 P.2d 173 (1976). The prosecutor's argument did not preclude the defendant from arguing his alibi defense. *State v. Davenport*, 33 Wn. App. 704, 708, 657 P.2d 794 (1983). The State's evidence included several witnesses who placed defendant at the scene of the robbery. We find no substantial likelihood that the improper remarks, taken individually or as a whole, affected the jury's verdict. The trial court did not abuse its discretion in refusing to grant the motion for a mistrial. *State v. Weber*, 99 Wn.2d 158, 166, 659 P.2d 1102 (1983).

Defendant next assigns error to application of the deadly weapon statute, RCW 9.95.040. The jury made a special finding that the defendant was armed with a deadly weapon at the time of committing the crime. Defendant contends that application of the deadly weapon statute violates the double jeopardy clauses of the state and federal constitutions because use of a deadly weapon is also an element of the underlying offense of first degree robbery.

The double jeopardy clause protects one against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969); *State v. Claborn*, 95 Wn.2d 629, 637, 628 P.2d 467 (1981). The deadly weapon special verdict does not create multiple punishments for the same offense because RCW 9.95.040 neither increases the maximum sentence for first degree robbery nor creates a separate criminal offense; it

merely limits the discretion of the parole board in setting minimum sentences by restricting defendant's eligibility for parole. *State v. Claborn, supra; State v. Willoughby,* 29 Wn. App. 828, 834, 630 P.2d 1387 (1981); *State v. Turner,* 29 Wn. App. 282, 291, 627 P.2d 1324 (1981). For this reason, Washington courts have consistently held that a defendant is not placed twice in jeopardy for the same offense by a deadly weapon finding. *E.g., State v. Mitchell,* 32 Wn. App. 499, 502, 648 P.2d 456 (1982) (first degree robbery); *State v. Willoughby, supra* (second degree assault); *State v. Claborn, supra* (second degree burglary, theft). We agree.

In *Missouri v. Hunter,* ___ U.S. ___, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983), the Supreme Court considered the question of whether prosecution and conviction of a defendant in a single trial on both a charge of armed criminal action and the underlying felony of first degree robbery violated the double jeopardy clause of the Fifth Amendment.[1] The Court concluded:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger* [*v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932)], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Missouri v. Hunter,* 74 L. Ed. 2d at 544. Unlike the Missouri statutes, RCW 9.95.040 does not create a separate offense nor does it provide for cumulative sentences. Thus, under the rationale of *Missouri v. Hunter,* application of the deadly weapon statute to a conviction for first degree robbery did not place defendant twice in jeopardy under the United States Constitution.

---

[1]Commission of a felony with a dangerous or deadly weapon constitutes the crime of armed criminal action under Missouri law. Conviction enhances the penalty for the underlying offense and prevents suspension of the sentence, conditional release or parole for a certain time.

*State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978) held that the former firearm statute, RCW 9.41.025, could not be applied to a conviction for first degree robbery. In reaching this result, the court relied on the principle of giving precedence to the specific statute and the rule of lenity. Defendant contends that those principles require the same result as to the deadly weapon statute. This argument would have some merit if the deadly weapon statute was addressed to the sentencing discretion of the trial judge. Because it deals only with the discretion of the parole board in fixing a minimum term, there is no ambiguity in the statute to which these rules of construction could apply.[2] The trial court did not err in submitting the special verdicts to the jury.

Defendant raises several assignments of error in his pro se brief. Defendant moved in limine and during trial to exclude evidence of his prior conviction for armed robbery. After consideration of the balancing process under ER 609(a)(1), the trial court ruled that the conviction would be admissible. Defendant assigns error to this decision. He made an offer of proof as to the substance of his testimony, thus providing an adequate basis for appellate review. *State v. Hebert,* 33 Wn. App. 512, 516, 656 P.2d 1106 (1982); *State v. Pam,* 98 Wn.2d 748, 763, 659 P.2d 454 (1983) (Utter, J., concurring).

The decision whether to admit a prior conviction under ER 609(a)(1) is within the sound discretion of the trial court and will not be overturned absent a showing of abuse. *State v. Thompson,* 95 Wn.2d 888, 891, 632 P.2d 50 (1981); *State v. Pam, supra* at 758. The court properly weighed the importance of the jury hearing the defendant's

---

[2]We note that *Workman* expressly approved application of the deadly weapon statute to first degree robbery. *Accord, State v. Walker,* 23 Wn. App. 618, 619, 597 P.2d 453 (1979); *State v. Loux,* 24 Wn. App. 545, 551, 604 P.2d 177 (1979). Our Supreme Court reaffirmed adherence to *Workman* in *In re Carle,* 93 Wn.2d 31, 34, 604 P.2d 1293 (1980), and recently, without comment, reiterated the language used in *Workman* and *Carle. State v. McKim,* 98 Wn.2d 111, 114, 653 P.2d 1040 (1982).

account of events against the importance of the jury knowing of his prior conviction. *State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980); *State v. Pam, supra.* Defendant's account of his whereabouts was adequately presented to the jury through both an alibi witness and an officer to whom the defendant had talked prior to his arrest. The trial court did not abuse its discretion in authorizing admission of the prior conviction, should the defendant testify.

Defendant also moved in limine and at trial to exclude evidence of a prior conviction of a defense witness. After conviction for armed robbery, the witness had been given a deferred sentence and successfully completed probation. Her conviction was thereafter dismissed under RCW 9.95-.240, barring its impeachment use under ER 609. *State v. Safford,* 24 Wn. App. 783, 793, 604 P.2d 980 (1979); ER 609(c).[3] The court ruled, however, that if the witness testified, the State could question her about the prior robbery to show bias, but only within very limited constraints. Defendant assigns error to this ruling.

 At the end of her testimony on direct, the witness admitted that she had participated in a robbery with the defendant. On cross examination, the State questioned her about the robbery and went beyond the limits previously set by the court. When the witness testified to the prior conviction on direct, issues involving the propriety of the court's ruling became moot. *State v. Wilson, supra* at 899; *see State v. Renfro,* 96 Wn.2d 902, 909, 639 P.2d 737, *cert. denied,* __ U.S. __, 74 L. Ed. 2d 86, 103 S. Ct. 94 (1982). Objections to the prosecutor's questions were sustained, but the court denied the defendant's motion for a mistrial.

---

[3]ER 609(c) provides, as follows:

"Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of 1 year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence."

Defendant now assigns error to that ruling. The trial judge is in the better position to evaluate the effect of such examination upon the jury. *State v. Weber,* 99 Wn.2d 158, 166, 659 P.2d 1102 (1983). We find no abuse of discretion in his refusal to grant the motion for a mistrial. *State v. Weber, supra.*

Defendant also raises a number of factual questions which we find were properly left to the jury for resolution.

Affirmed.

DURHAM, A.C.J., and SWANSON, J., concur.

Reconsideration denied June 17, 1983.

Review denied by Supreme Court September 2, 1983.