[No. 8373-0-III.   Division Three.   April 5, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. HUGO MABRY, *Appellant.*

*John Knodell,* for appellant (appointed counsel for appeal).

*Paul A. Klasen, Prosecuting Attorney,* for respondent.

THOMPSON, J.—Hugo Mabry was charged with robbery in the second degree. The victim testified Mr. Mabry used force in an attempt to take her wallet. Witnesses provided varying recollections of the incident. Some did not see or remember any use of force. The following instruction was given on the issue of reasonable doubt and the State's burden:

The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The state is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.

A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find it has been overcome by the evidence beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists, and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration *you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.*

(Italics ours.) Mr. Mabry took exception to this instruction, and the failure of the court to give his proposed instruction, which basically deleted the "abiding belief" language italicized above. Mr. Mabry was convicted as charged, and appeals.

The sole issue is whether an instruction that the jury is satisfied beyond a reasonable doubt if it has an "abiding belief" in the truth of the charge against the defendant misstates the State's burden of proof.

The "abiding belief" jury instruction at issue is identical to WPIC 4.01, revised in 1982. It was approved essentially in *State v. Tanzymore,* 54 Wn.2d 290, 340 P.2d 178 (1959), and was also approved as modified in *State v. Walker,* 19 Wn. App. 881, 578 P.2d 83, *review denied,* 90 Wn.2d 1023 (1978). When reviewing "reasonable doubt" instructions, courts have refused to isolate a particular phrase and have instead construed them as a whole. *State v. Coe,* 101 Wn.2d 772, 788, 684 P.2d 668 (1984); *State v. Flores,* 18 Wn. App. 255, 566 P.2d 1281 (1977). We are aware that a court in another jurisdiction has rejected a similar "abiding belief" jury instruction, *see Young v. State,* 648 S.W.2d 2 (Tex. Crim. App. 1983). However, when construed as a whole, the instruction given adequately instructs the jury on the State's burden of proving each element of the offense beyond a reasonable doubt.

26

Affirmed.

McINTURFF, C.J., and GREEN, J., concur.