IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31892-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALFONSO CERDA SALAZAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Alfonso Cerda Salazar challenges his convictions for third degree

assault and resisting arrest, contending that various alleged errors deprived him of a fair

trial. Finding no error, we affirm the convictions.

FACTS

The incident giving rise to the charges at issue in this case occurred when Quincy

Police Department Officer Joseph Westby attempted to arrest Mr. Cerda Salazar on an

outstanding warrant. Mr. Cerda Salazar refused to leave his car. A struggle ensued

between the two men; much of it was recorded. The officer struck Mr. Cerda Salazar

several times in the head and stomach, while Mr. Cerda Salazar bit the officer on the arm.

Charges of resisting arrest and third degree assault were filed from the incident.

Prior to trial, the defense moved in limine to prohibit the officer from testifying that the defendant displayed "a thousand-yard stare" at the officer. The court ruled that the phrase was not helpful because it was unclear what was meant and directed the officer to describe the behavior with more detail. At trial, the officer described the defendant's behavior and again characterized it as "a thousand-yard stare."

The defense moved for a mistrial, arguing that the testimony violated the order in limine. The trial court disagreed, concluding that the officer described what he saw. The motion for a mistrial was denied.

The defense called an expert, forensic pathologist Dr. Carl Wigren, to testify concerning bite marks. He opined that the mark captured in a photo of Officer Westby's arm was not a bite mark and drew an illustration of a typical bite mark. The defense then offered four photographs of human bite marks from forensic atlases. The trial court excluded the photographs as substantive evidence on the basis that they constituted hearsay. When the defense offered them as illustrative exhibits, the court excluded them on the basis that they were prejudicial and cumulative.

The court instructed the jury on the reasonable doubt standard using the pattern instruction form that describes the concept in terms of jurors having an "abiding belief in the truth of the charge." Clerk's Papers at 16. The jury ultimately convicted Mr. Cerda Salazar as charged. He then timely appealed to this court.

ANALYSIS

This appeal presents challenges to the trial court's exclusion of the four defense photographs, the denial of the mistrial motion, the method of exercising peremptory challenges, and the pattern jury instruction.[1] We will address the claims in the order noted.

*Exclusion of Photographs*

Mr. Cerda Salazar first argues that the court erred by excluding defense exhibits 1-4, the photographs of bite marks from a forensic atlas, thereby denying him the right to present his defense. He was allowed to present his defense and the trial court did not abuse the discretion it is accorded on evidentiary rulings.

Although the trial court cited multiple reasons for excluding the evidence, it appears that ER 403 was the primary basis. ER 403 authorizes trial courts to exclude otherwise relevant evidence if the probative value of the evidence is significantly outweighed by the danger of unfair prejudice or other interference with the fact-finding function of the jury. *Carson v. Fine*, 123 Wn.2d 206, 222-23, 867 P.2d 610 (1994). A trial judge's decision to admit or exclude evidence under these provisions is reviewed for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

---

[1] Appellant also presents a cumulative error argument that we need not address in view of our determination that there was no error.

In some circumstances the constitution requires that state evidentiary rules give way to the constitutional right to present a defense. *E.g., State v. Jones*, 168 Wn.2d 713, 719-21, 230 P.3d 576 (2010). There is, however, no constitutional right to present irrelevant evidence. *Id.* at 720. If a court excludes relevant evidence to the point where it effectively prevents presentation of the defense, the constitutional right is violated. *Id.* at 721. Mr. Cerda Salazar contends that is the case here. We disagree.

The defense was able to present its theory that the mark on the officer's arm was not a bite mark. An expert testified to that effect. The expert also prepared an illustration for the jury depicting a typical human bite mark. Ex. 18. It was only when the defense offered "gruesome" photographs that the court limited the evidence. Equating the effort to a movie[2] scene, the court noted the effect of the exhibits would be to diminish the officer's injury, which was not at issue in the case, by comparing it to much more significant injuries illustrated by the atlas photographs. The gruesome nature of the photographs and the cumulative nature of the evidence, following as it did upon the expert testimony and the exhibit depicting a "typical" bite mark, were tenable bases for excluding the additional exhibits under ER 403.

---

[2] The trial court likened the exhibits to a scene in the film "Crocodile Dundee" where, in response to someone else's small knife, Mick Dundee pulls out a giant knife and says, "That's not a knife, THAT's a knife." Report of Proceedings (RP) at 181.

4

The trial court did not abuse its significant discretion in its management of the trial evidence. The defense was permitted to put forth evidence in support of its theory of the case. There was no impingement on the constitutional right to present a defense.

*Mistrial*

Mr. Cerda Salazar also argues that the court erred in denying his mistrial motion over the alleged violation of the pretrial ruling. Again we conclude that there was no abuse of discretion.

Well settled law also governs review of this issue. When inadmissible testimony is put before the jury, the trial court should declare a mistrial if the irregularity, in light of all of the evidence in the trial, so tainted the proceedings that the defendant was deprived of a fair trial. *State v. Weber*, 99 Wn.2d 158, 164, 659 P.2d 1102 (1983). A ruling on a motion for a mistrial is reviewed for abuse of discretion. *Id.* at 166.

As noted previously, the trial court found no violation of its pretrial order since the officer described the defendant's behavior, thus curing the ambiguity of the statement. Testimony found not to violate an order in limine cannot be an "irregularity" or constitute the basis for a mistrial.

But, even if the trial judge erred in interpreting his own pretrial ruling, the error did not justify a mistrial. The concern at the pretrial hearing with the phrase "thousand-yard stare"

was that the officer's meaning[3] was unclear, not that it was somehow a significantly prejudicial comment. Here, the officer described the behavior that led to his characterization. Any error from the admission of the statement to characterize that behavior was slight, and certainly did not justify a mistrial.

The court did not abuse its discretion in denying the mistrial.

*Jury Selection*

Mr. Cerda Salazar also argues that the court erred in "closing" the courtroom when it allowed the attorneys to exercise peremptory challenges in writing. In view of recent authority against this position, we only briefly discuss this contention.

Here, counsel exercised peremptory challenges by marking them on a sheet of paper and passing it back and forth. This court faced a factually similar practice, although conducted at sidebar, in *State v. Love*, 176 Wn. App. 911, 914 n.1, 309 P.3d 1209 (2013). Applying the experience and logic test, we determined that the practice of conducting peremptory challenges at sidebar did not constitute a closure of the courtroom. *Id.* at 920. *Accord, State v. Dunn*, 180 Wn. App. 570, 321 P.3d 1283 (2014). Subsequently, this court held that conducting peremptory challenges "on paper" did not constitute a closure of the courtroom. *State v. Webb*, --- Wn. App. ---, 333 P.3d 470 (2014).

---

[3] The trial judge explained that the phrase came from World War II and was used to describe shell-shocked soldiers. RP at 87. The judge believed the officer's use of the phrase was inaccurate in this context which was why the court required a description of the behavior the officer was relating to the jury.

In light of these authorities, we can conclude that the exercise of peremptory challenges in writing does not close a courtroom. There was no error in the peremptory challenge process.

*Abiding Belief Instruction*

Mr. Cerda Salazar also argues that the pattern instruction wrongly refers to "an abiding belief in the *truth* of the charge," contending that use of the word "truth" is improper. Our precedent rejects his argument, which is lifted from an entirely different context.

"Jury instructions, taken in their entirety, must inform the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt." *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). An instruction that relieved the State of its burden would constitute reversible error. *Id.* This type of challenge is reviewed de novo "in the context of the instructions as a whole." *Id.*

The challenged sentence has been upheld against numerous claims that the "abiding belief" portion either dilutes the State's burden of proof or shifts the burden of proof to the defendant. *Pirtle*, 127 Wn.2d at 656-58; *State v. Lane*, 56 Wn. App. 286, 299-301, 786 P.2d 277 (1989); *State v. Mabry*, 51 Wn. App. 24, 25, 751 P.2d 882 (1988); *State v. Price*, 33 Wn. App. 472, 475-76, 655 P.2d 1191 (1982). Based on a case raising the issue in a different context, Mr. Cerda Salazar now challenges the "belief in the truth" portion of the sentence as confusing or misleading to the jury.

7

In *State v. Emery*, the prosecutor during closing argument told the jury that the Latin root from which we get the word "verdict" means to "speak the truth" and that "[y]our verdict should speak the truth." *State v. Emery*, 174 Wn.2d 741, 751, 278 P.3d 653 (2012). The Supreme Court held that it is misconduct for a prosecutor to tell the jury that its job is to "speak the truth":

> We hold that the prosecutor's truth statements are improper. The jury's job is not to determine the truth of what happened; a jury therefore does not "speak the truth" or "declare the truth." Rather, a jury's job is to determine whether the State has proved the charged offenses beyond a reasonable doubt.

*Id.* at 760 (citations omitted). The court explained that such statements could have "confused the jury about its role and the burden of proof." *Id.* at 763.

Seizing on this language, Mr. Cerda Salazar argues that the "abiding belief in the truth" language is the equivalent of telling the jury that its job is to "determine the truth of what happened." We disagree.

Problems with "search for the truth" instructions arise only when the instructions misdirect or redirect the jury's focus. *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994). Our Supreme Court has expressly approved the use of this instruction. *State v. Bennett*, 161 Wn.2d 303, 165 P.3d 1241 (2007). On that basis, this court has recently rejected the same challenge Mr. Cerda Salazar brings here. *State Kinzle*, 181 Wn. App. 774, 784, 326 P.3d 870 (2014); *State v. Fedorov*, 181 Wn. App. 187, 200, 324 P.3d 784 (2014).

No. 31892-3-III
*State v. Salazar*

These cases convince us that the "belief in the truth" language in Washington Pattern Jury Instruction 4.01 is sufficient under the constitution because it properly directs the jury's attention to its constitutional task by anchoring its search for the truth to the truth of the charges. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (WPIC). WPIC 4.01 directs the jury to determine the truth of the charges (i.e. every element of the crimes charged) and to do so after "such consideration," which means "after fully, fairly, and carefully considering all of the evidence or lack of evidence." In context, the language does not misdirect the jury or otherwise changes its focus from its constitutional obligation to determine whether the elements of the crime have been proven beyond a reasonable doubt. The instruction is not constitutionally deficient.

This final challenge also is without merit.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.