
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,           )
                                     )   DIVISION ONE

           Respondent,        )
                                     )   No. 72408-8-I

           v.                )

GEBREMESKEL TIKUE GEBRETENSAE,   )   UNPUBLISHED OPINION

           Appellant.         )   FILED: November 9, 2015
                                     )

DWYER, J. — Gebremeskel Gebretensae appeals his conviction for felony harassment, arguing that the court's reasonable doubt instruction is unconstitutional "because it requires the jury to articulate a reason to establish a reasonable doubt." We affirm.

When a defendant proposes an instruction identical to an instruction he later challenges on appeal, the invited error doctrine bars review. State v. Studd, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999). This rule applies even if the defendant's requested instruction was a Washington Pattern Jury Instruction previously approved by the courts. Studd, 137 Wn.2d at 546-48; State v. Henderson, 114 Wn.2d 867, 870, 792 P.2d 514 (1990). Here, Gebretensae proposed the very instruction he challenges on appeal. Review is therefore barred by the invited error doctrine.

In any case, Gebretensae's argument is meritless. The challenged instruction, which is taken from 11 <u>Washington Practice: Washington Pattern Jury Instructions: Criminal</u> 4.01, at 85 (3d ed. 2008) (WPIC), states in pertinent part:

> A reasonable doubt is one for which *a reason exists* and may arise from the evidence or lack of evidence. It is such a doubt as would *exist in the mind* of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence.

(Emphasis added.) Nothing in this language requires jurors to articulate a reason. Read in context, the phrase "'a doubt for which a reason exists'"

> does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

<u>State v. Thompson</u>, 13 Wn. App. 1, 5, 533 P.2d 395 (1975).[1] Our State Supreme Court recently reached a similar conclusion in <u>State v. Kalebaugh</u>, 183 Wn.2d 578, 355 P.3d 253 (2015). The <u>Kalebaugh</u> court held that a trial court misstated the law when it orally instructed the jury that a reasonable doubt "is a doubt for which a reason can be given," and that it should have read them *"the correct jury instruction that a 'reasonable doubt' is a doubt for which a reason exists."* <u>Kalebaugh</u>, 183 Wn.2d at 584 (emphasis added). The court's opinion makes clear that while the trial court's oral remarks verged on an articulation requirement, the language in WPIC 4.01 does not. <u>See</u> <u>Kalebaugh</u>, 183 Wn.2d at 584-86. <u>Kalebaugh</u> controls Gebretensae's arguments on appeal.

---

[1] <u>See also</u> <u>State v. Emery</u>, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012) (prosecutor's argument properly described "reasonable doubt as a 'doubt for which a reason exists'"); <u>State v. Bennett</u>, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007); <u>State v. Tanzymore</u>, 54 Wn.2d 290, 291 n.2, 340 P.2d 178 (1959).

Affirmed.

We concur: