IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33108-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANITA VIRGINIA WHISLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Anita Whisler challenges the constitutionality of 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 85 (3d ed. 2008) (WPIC). We reject her challenge and affirm her conviction of assault of a law enforcement officer.

## FACTS

The facts bear no relevance to the appeal. On May 16, 2014, Anita Whisler rode as a passenger in a car driven by Joseph Loan. A law enforcement officer stopped Loan on suspicion of intoxication. The officer arrested Loan and placed him in the back of a

patrol vehicle. Whisler exited the vehicle and complained of a bloody nose. Whisler

blew a blood clot from her nose into her hand. She attempted to wipe the blood on the

officer, but he stopped her. Whisler refused to provide her name and birth date to the

officer.

## PROCEDURE

The State of Washington charged Anita Whisler with assault in the third degree on

a police officer and obstructing a law enforcement officer. At the close of a jury trial, the

trial court delivered the following reasonable doubt instruction to the jury:

> The defendant's plea of not guilty puts in issue, to be decided by the
> jury, each element of the crime charged. The State is the plaintiff and has
> the burden of proving each of these elements beyond a reasonable doubt.
> The defendant has no burden of proving that a reasonable doubt exists.
> The defendant is presumed innocent. This presumption continues
> throughout the entire trial unless during your deliberations you find it has
> been overcome by the evidence beyond a reasonable doubt.
> A reasonable doubt is one for which a reason exists and may arise
> from the evidence or lack of evidence. It is such a doubt as would exist in
> the mind of a reasonable person after fully, fairly, and carefully considering
> all of the evidence. If, from such a consideration, you have an abiding
> belief in the truth of the charge, you are satisfied beyond a reasonable
> doubt.

Clerk's Papers at 40; Report of Proceedings at 258. Whisler did not object to the jury

instruction. The jury found Whisler guilty of assault in the third degree and acquitted her

of obstructing a law enforcement officer.

## LAW AND ANALYSIS

The trial court based its reasonable doubt jury instruction on WPIC 4.01. Anita Whisler argues that the language in WPIC 4.01, that defines a "reasonable doubt" as "one for which a reason exists," directs jurors to articulate a reason for forming a reasonable doubt. Thus, Whisler contends the instruction erroneously requires jurors to find more than a reasonable doubt. Whisler also challenges the language describing reasonable doubt as the abiding belief "in the truth of the charge" as a misstatement of the burden of proof in that the instruction improperly focused the jury on a search for "the truth." The State notes that we would overrule the Supreme Court if we rejected the standard instruction found in WPIC 4.01. We agree with the State and find no error.

Anita Whisler failed to object to the jury instruction before the trial court. Generally, a party who fails to object to jury instructions in the trial court waives a claim of error on appeal. *State v. Smith*, 174 Wn. App. 359, 364, 298 P.3d 785 (2013); RAP 2.5(a). However, "[m]anifest errors affecting a constitutional right may be raised for the first time on appeal." *Smith*, 174 Wn. App. at 365. The Supreme Court reiterated the manifest constitutional error analysis saying:

> [W]e ask two questions: (1) Has the party claiming error shown the error is truly of a constitutional magnitude, and if so, (2) has the party demonstrated that the error is manifest?

3

*State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). We address separately Whisler's two challenges to the jury instruction. We find no error. Therefore, the trial court committed no manifest constitutional error.

Jury instruction language of an "abiding belief" or an "abiding conviction" in "the truth of the charge" has withstood challenge in Washington for more than a half century. In *State v. Mabry*, 51 Wn. App. 24, 25, 751 P.2d 882 (1988), we upheld an almost identical concluding statement in WPIC 4.01, as revised in 1982. The instruction at issue used the expression "*after* such consideration" rather than the language now used of "*from* such consideration." The *Mabry* court observed that Washington courts approved modified versions of the instruction in *State v. Tanzymore*, 54 Wn.2d 290, 340 P.2d 178 (1959) and *State v. Walker*, 19 Wn. App. 881, 578 P.2d 83 (1978). We emphasized that, when reviewing "reasonable doubt" instructions, courts refuse to isolate a particular phrase and instead construe the instruction as a whole. *State v. Mabry*, 51 Wn. App. at 25.

In State v. *Pirtle*, 127 Wn.2d 628, 904 P.2d 245 (1996), our Supreme Court addressed a challenge to a trial court's modification of the concluding sentence of WPIC 4.01 to sharpen the focus on a juror's doubt. The modification read: "'If, after such consideration[,] you *do not* have an abiding belief in the *truth* of the charge, [then] you *are not* satisfied beyond a reasonable doubt.'" *State v. Pirtle*, 127 Wn.2d at 656

4

(emphasis added) (first alteration in original). The high court upheld the revised

instruction:

> Without the last sentence, the jury instruction here follows WPIC 4.01, which previously has passed constitutional muster. The addition of the last sentence does not diminish the definition of reasonable doubt given in the first two sentences, but neither does it add anything of substance to WPIC 4.01. WPIC 4.01 adequately defines reasonable doubt. Addition of the last sentence was unnecessary but was not an error.

*Pirtle*, 127 Wn.2d at 658.

Anita Whisler contends that the more recent decisions of *State v. Emery*, 174

Wn.2d 741, 278 P.3d 653 (2012) and *State v. Berube*, 171 Wn. App. 103, 286 P.3d 402

(2012) require us to reconsider longstanding precedent. In *State v. Emery*, our Supreme

Court held that the prosecutor committed misconduct when, in argument, he asked the

jury to solve the case. The jury's role, according to the state Supreme Court, is to

determine if the State proved guilt beyond a reasonable doubt, not to determine the truth

of what happened. In *State v. Berube*, this court affirmed that the jury does not search for

truth but determines whether the burden of proof has been carried by the party who bears

it.

The last sentence of WPIC 4.01 does not instruct the jury to "solve the case" or

"find the truth." *State v. Pirtle* remains controlling authority that, without the last

5

sentence, the pattern instruction adequately defines reasonable doubt and that inclusion of the optional sentence "does not diminish the definition." *Pirtle*, 127 Wn.2d at 658.

In *State v. Federov*, 181 Wn. App. 187, 324 P.3d 784, *review denied*, 181 Wn.2d 1009, 335 P.3d 941 (2014), this court rejected Anita Whisler's argument. We held that when "read in context, the 'belief in the truth' phrase accurately informs the jury its 'job is to determine whether the State has proved the charged offenses beyond a reasonable doubt.'" *Federov*, 181 Wn. App. at 200 (quoting *State v. Emery*, 174 Wn.2d at 760 (2012)).

Courts have also upheld WPIC 4.01's "reasonable doubt" language. In *State v. Bennett*, the Supreme Court wrote:

> Even if many variations of the definition of reasonable doubt meet minimal due process requirements, the presumption of innocence is simply too fundamental, too central to the core of the foundation of our justice system not to require adherence to a clear, simple, accepted, and uniform instruction. We therefore exercise our inherent supervisory power to instruct Washington trial courts not to use the *Castle* instruction. We have approved WPIC 4.01 and conclude that sound judicial practice requires that this instruction be given until a better instruction is approved. Trial courts are instructed to use the WPIC 4.01 instruction to inform the jury of the government's burden to prove every element of the charged crime beyond a reasonable doubt.

161 Wn.2d 303, 317-18, 165 P.3d 1241 (2007).

Washington courts have approved the relevant language of WPIC 4.01 as constitutionally sound for decades. As noted in *State v. Thompson*, 13 Wn. App.

6

No. 33108-3-III
*State v. Whisler*

1, 4, 533 P.2d 395 (1975), the phrase "a doubt for which a reason exists" does not direct the jury to assign a reason for any doubt, but merely mentions that doubt must be based on reason and not something vague or imaginary. In *State v. Emery*, 174 Wn.2d at 759-60 (2012), the court approved the State's argument that identified reasonable doubt as a doubt for which a reason exists. Most recently, the Washington Supreme Court in *State v. Kalebaugh*, 183 Wn.2d 578 (2015) reaffirmed that WPIC 4.01 is the correct legal instruction on reasonable doubt.

In short, Anita Whisler does not make a novel challenge to WPIC 4.01. The challenged language has been upheld by many courts as recently as two years ago. Therefore, the instruction was proper.

CONCLUSION

We affirm the conviction of Anita Whisler.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____        _____
Korsmo, J.                       Siddoway, J.

7