[No. 48399-0.   En Banc.   December 29, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. KEVIN LEE WILLIAMS, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. JOHN FREDERICK MORRISON, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT CLARK LOWE, *Petitioner.*

*John G. Ziegler,* for petitioners.

ROSELLINI, J.—In *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), this court held that in a habitual criminal proceeding a defendant may challenge a prior conviction upon the ground that his plea of guilty in the prior case was not entered knowingly and voluntarily; and that such a challenge is not a collateral attack upon the prior judgment, since it is directed to the "present use of a prior conviction to prove the essential element of a present charge." *Holsworth,* at 160. We stated at page 159:

> Of course, the defendant must first call attention to the inappropriateness of using a pre–*Boykin* plea.[1] But once the defendant raises the issue, the State must bear the burden of proving that the pre–*Boykin* conviction is based on a knowing guilty plea entered after disclosure of the nature and consequences of the offense, and is thus usable in the habitual criminal proceeding. The existence of three valid felony convictions is an element of the habitual criminal status which must be proved by the State beyond a reasonable doubt . . .

Our reasoning was that "violation of the defendant's constitutional rights is 'renewed' through use in a habitual

---

[1]*Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). We have extended the rule of *Holsworth* to apply to post–*Boykin* prosecutions. *State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980).

criminal proceeding of an uninformed guilty plea which thus violates due process." *Holsworth,* at 157.[2]

Soon after our decision in *Holsworth,* we applied the same reasoning to a case where a defendant who had previously been convicted of a crime of violence was prosecuted under RCW 9.41.040 for possessing a weapon. *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980). This court held that "[t]he existence of a constitutionally valid conviction for a 'crime of violence' is an element the State must prove beyond a reasonable doubt under RCW 9.41.040." *Swindell,* at 197.

In *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980), we held that the issue could not be raised on a personal restraint petition unless it had been raised in the habitual criminal proceeding, indicating by way of dictum that it could have been raised for the first time on appeal. The question here is whether we should adhere to that dictum.

The Court of Appeals, Division One, has previously entertained such a constitutional challenge, despite the fact that the issue was not raised at trial, in *State v. Chervenell,* 28 Wn. App. 805, 807–08, 626 P.2d 530 (1981), remanding the case to the trial court for a factual inquiry. In *State v. Brown,* 29 Wn. App. 770, 775, 630 P.2d 1378 (1981), a panel of that division assumed, without deciding, that the defendant could raise constitutional issues concerning guilty pleas for the first time on appeal. The court cited *Lee* and *Chervenell* for this proposition.

More recently, Division Two of the Court of Appeals has held that a defendant may raise the question for the first time on appeal, citing the dictum in *Lee. State v. Gear,* 30 Wn. App. 307, 633 P.2d 930 (1981).

In none of the cases presently before this court was any question raised, before appeal, concerning the validity of guilty pleas which formed the bases of prior judgments

---

[2]The judgment is not rendered void by the failure to prove that the plea was made "adequately informed". The judgment remains in full force and effect for all purposes other than the habitual criminal charge.

introduced in evidence by the State. Two of these cases are habitual criminal proceedings, and the third is a prosecution for possession of a gun by a convicted felon. A majority of the panel held that failure to question the validity of prior convictions at the trial level forecloses the consideration of that question upon appeal. The reasoning of that court was that, inasmuch as the issue was never raised, the trial court could not have committed error in failing to rule upon it.

We have no quarrel with that reasoning. However, as we perceive the question, it is not whether the trial court committed error but whether a limited retroactive effect should be given to the new rule laid down by this court. The answer to that question lies within the discretion of this court as enunciator of the rule. *See Lau v. Nelson,* 92 Wn.2d 823, 601 P.2d 527 (1979). *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976) was a habeas corpus proceeding wherein the petitioner challenged his plea of guilty as not having been knowingly and voluntarily made. As construed in *Boykin,* that decision permits supplementation of an otherwise defective plea record with evidence adduced in a post–conviction proceeding, the State's burden being to make a "clear and convincing showing that the plea was in fact knowingly and understandingly entered.'" *Wood,* at 507, quoting *Roddy v. Black,* 516 F.2d 1380, 1384 (6th Cir. 1975). We held, however, that under CrR 4.2, effective July 1, 1973, the trial judge is required to make direct inquiries of the defendant as to whether he understands the nature of the charge and the full consequences of his plea. We also held that, although not required by the constitution, under the rule the record must show on its face that the plea was entered voluntarily and intelligently. The two purposes of this new rule, as we stated them there, were to assist the trial judge in the determination of voluntariness, and to "'help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate.'" *Wood,* at 511,

quoting *McCarthy v. United States,* 394 U.S. 459, 472, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969).

This court was faced with the question whether this new interpretation of the criminal rule should apply prospectively only or should have retroactive effect. We utilized the approach approved by the United States Supreme Court and adopted by this court in *Brumley v. Charles R. Denney Juvenile Ctr.,* 77 Wn.2d 702, 466 P.2d 481 (1970). The pertinent factors are (1) the purpose of the new rule, (2) the extent to which law enforcement agencies and courts have justifiably relied upon the preexisting rule, and (3) the effect of retroactive application upon the administration of justice. Finding that trial courts could justifiably have relied upon a prior decision imposing a lighter burden, and in view of the prospect of invalidating countless guilty pleas months and years after their acceptance, with its attendant adverse effect upon the administration of justice, we held that the new rule should apply only from the date the opinion was filed.

■■ Here the law, prior to our decision in *Holsworth,* was to the effect that prior convictions in a habitual criminal proceeding are proved by introducing copies of the original judgment and sentence bearing the seal of the judge who heard the case, annexed to the original attestation by the officer in charge, and that the prosecutor's burden is to prove that a defendant was duly convicted in a court of competent jurisdiction, presided over by a qualified judge. *State v. Murdock,* 91 Wn.2d 336, 588 P.2d 1143 (1979). Thus, our decision in *Holsworth,* while it relied upon some established principles concerning the guilty pleas,[3] effected an abrupt change in the law with respect to procedures in habitual criminal proceedings. The burden upon the prosecutor was significantly increased as a result of that opinion. Also, prior to that decision, attacks on judgments offered in evidence in such proceedings reasonably could have been regarded as collateral attacks, wherein

---

[3]*See In re Lee, supra.*

the party attacking must overcome the presumption of validity which ordinarily attaches to judgments. *See Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). It is evident that the lower courts, as well as prosecutors, have understandably relied upon that presumption of validity.

On the other hand, while our holding in *Holsworth* serves neither of the purposes mentioned in *Wood* which justify the requirement that, after 1976, the record show that a plea was knowingly and voluntarily made, it was designed to further protect the constitutional right of a defendant to a fair trial. This is a consideration worthy of considerable weight. Furthermore, it does not appear that, if a very limited retroactivity is given to the *Holsworth* rule, the administration of justice will be appreciably disturbed. We have already held in *In re Lee, supra,* that a habitual criminal conviction cannot be collaterally attacked in a personal restraint petition on *Holsworth* grounds unless the issue was raised in the proceeding itself. We are told that there were only a few pending cases which had gone to judgment at the time of our decision and were awaiting hearing on appeal, as is the situation here. Furthermore, a proceeding of this sort does not involve a lengthy trial, but is generally heard in an hour or so. Consequently, we do not perceive that the burden upon the administration of justice will be great if a limited retroactivity is approved.

It is within the discretion of the court to give to this decision retroactive effect governing the rights of the parties to the case and to other cases pending when the overruling case was decided and all future cases, but limited so that the new law will not govern the rights of parties to cases terminated before the overruling decision was announced. *Lau v. Nelson, supra.* We adopt that solution, with the modification set forth in *Lee* with respect to a personal restraint petition brought by one who raised the issue in the trial of his habitual criminal charge.

Accordingly, the decision of the Court of Appeals is reversed, and the cases are remanded to the appropriate

434

superior courts for hearings upon the question whether their prior guilty pleas were made knowingly and voluntarily, according to the criteria set forth in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980).

BRACHTENBACH, C.J., STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and PEARSON, JJ., and KIRKWOOD, J. Pro Tem., concur.