[No. 51150–1. En Banc. October 3, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES DUANE SMITH, *Appellant.*

*Charles Duane Smith,* pro se, *David R. Wohl, John Henry Browne,* and *Browne, Ressler & Foster,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Kenneth G. Bell, Deputy,* for respondent.

CALLOW, J.—Charles Duane Smith appeals a jury convic-

tion for two counts of cocaine delivery, and two resulting concurrent life sentences imposed pursuant to the habitual criminal statute, RCW 9.92.090.

On September 17, 1982, the defendant rented room 108 of the Dunes Motel in Bremerton. When it was reported to the police that the defendant had received a large number of visitors and telephone calls, they set up surveillance of the defendant's room.

Shortly after midnight, the police arrested Herbert Latham as he left room 108. Incident to the arrest, the police seized marijuana and two glass vials which contained LSD. In the front seat of Latham's car was a bag which contained cocaine. The bag was wrapped in a brochure for the Dunes Motel. Latham told police that he had received the "acid and coke" in room 108. The seller of the LSD was someone named "Maurio." Latham said that the defendant had given him the cocaine.

Two women left room 108 at about the same time as Latham and drove away in a blue Chevrolet. Police believed that these women had seen Latham being arrested. The Chevrolet returned a few minutes later and the police believed the women had returned to warn the occupants of room 108 of Latham's arrest. The police then, without a warrant, entered room 108 and arrested the defendant, the two women, and several others. All were jailed. One of the women dropped or attempted to hide some cocaine wrapped in a folded piece of paper under the seat of the patrol car in which she was riding. The police later found it. She testified at trial that she had received the cocaine from the defendant.

On September 20, the defendant and the others received a preliminary hearing in superior court pursuant to CrR 3.2A. Following the hearing the defendant was kept in jail because of a parole detainer against him.

On October 14, the State charged the defendant with two counts of delivery of a controlled substance, and one count of sale of a controlled substance. The defendant pleaded not guilty at his arraignment held 4 days later. Trial was

set and the defendant subsequently moved to suppress physical evidence seized from room 108. The parties stipulated that the evidence was unconstitutionally obtained and it was suppressed.

At trial, Latham testified that he had received cocaine from the defendant. The woman also acknowledged that she had received from the defendant the paper containing cocaine, but denied knowing that cocaine was in the paper. At the close of the State's case, the judge dismissed the charge of sale of a controlled substance. The jury convicted the defendant of both counts of delivery.

The State thereafter filed a supplemental information which alleged that the defendant was a habitual offender because of the above mentioned conviction and four previous felony convictions: (1) a grand larceny conviction by guilty plea on July 29, 1976; (2) conviction by guilty plea of a count of cocaine possession and one of amphetamine possession on March 16, 1979; (3) a conviction by guilty plea for two counts of a sale of a controlled substance in violation of RCW 69.50.401 on May 3, 1979; and (4) a conviction for cocaine possession by guilty plea on April 27, 1981. Smith waived his right to a jury and went to trial on January 26, 1983.

The State submitted, *inter alia,* a statement the defendant had signed with his guilty plea to grand larceny. The statement identified a waiver of a number of constitutional rights but contained nothing about a waiver of defendant's right to remain silent. The defendant never objected to the admission of the document or raised the issue of the voluntariness of his plea. The trial judge found the defendant to be a habitual offender pursuant to RCW 9.95.040(3), sentenced him to two concurrent terms of life imprisonment, and assessed a $500 fine and $562.96 in court costs. The defendant appealed and the appeal was transferred here pursuant to RAP 4.3.

The first issue is whether the defendant may challenge for the first time, on appeal, the voluntariness of a guilty plea to a prior conviction used to establish his habitual

criminal status. We hold he cannot.

The resolution of the issue requires addressing a question left unanswered by *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). We must outline the scope of a defendant's constitutional right to challenge the voluntariness of a guilty plea. *See Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). *Boykin* held that guilty pleas were unconstitutionally invalid when the defendant had not indicated a clear and intelligent waiver of his constitutional rights. In *Holsworth* this court extended *Boykin* to habitual criminal determinations predicated on prior guilty plea convictions that lacked sufficient evidence of waiver. *Holsworth* recognized that the constitutional deficiencies in a defendant's prior guilty plea remain relevant if the conviction is used to establish habitual criminal status, and stated:

> [I]t can be seen that failure to disclose the nature of the offense or consequences of a plea may result in a procedural defect of constitutional magnitude if the defendant's plea as a consequence of that failure is involuntary. *As in Burgett, violation of the defendant's constitutional rights is "renewed" through use in a habitual criminal proceeding of an uninformed guilty plea which thus violates due process.*

(Italics ours.) *Holsworth,* at 157, citing *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). In *Burgett,* the Court reversed a habitual criminal conviction because the defendant claimed at his habitual criminal hearing that he had not been represented by counsel in a prior guilty plea conviction.

The defendant asks us to extend the constitutional protection of *Boykin v. Alabama, supra,* beyond the *Burgett–Holsworth* rationale. The defendants in those cases raised the invalidity of the guilty plea at their habitual criminal hearings. *Burgett,* at 111–12; *Holsworth,* at 151–52. Smith failed to raise the voluntariness issue below.

The defendant argues that he can raise the involuntariness of his plea initially on the appeal of his habitual crim-

inal conviction because he has been deprived of a constitutional right. He contends that his guilty plea was involuntary because he was not advised of his right to remain silent. He claims, therefore, that he did not knowingly and intelligently waive that right. *See Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). An invalid waiver would have deprived the defendant of his right to remain silent. *Boykin v. Alabama, supra* at 242–43. *Burgett v. Texas, supra,* and *State v. Holsworth, supra,* both held that the use in a habitual criminal proceeding of a conviction predicated on an invalid guilty plea *"in effect"* renews the constitutional violation. *Burgett,* at 115; *Holsworth,* at 154. Claims of manifest deprivations of constitutional rights may be raised initially on direct appeal. RAP 2.5(a)(3); *State v. Kroll,* 87 Wn.2d 829, 839, 558 P.2d 173 (1976). The following decisions have allowed defendants to challenge initially on appeal the voluntariness of a predicate guilty plea conviction. *State v. Hudlow,* 36 Wn. App. 630, 633, 676 P.2d 553 (1984); *State v. Gear,* 30 Wn. App. 307, 312, 633 P.2d 930 (1981); *State v. Brown,* 29 Wn. App. 770, 775, 630 P.2d 1378 (1981); *State v. Chervenell,* 28 Wn. App. 805, 807, 626 P.2d 530 (1981), *rev'd on other grounds,* 99 Wn.2d 309, 662 P.2d 836 (1983).

 *State v. Holsworth* is divided into two segments. The first section discusses the constitutional requirement that guilty pleas be made voluntarily. It elaborates on the need for the protection of constitutional rights whenever a prior conviction pursuant to a plea of guilty is to be admitted in a habitual criminal proceeding. *Holsworth,* at 155, 157. The court expressly stated that it was not reaching the question presented here:

> Because we do not consider this application of *Boykin* principles to be either retroactive or a collateral attack *we do not reach or assess the validity of the Court of Appeals holding in State v. Boyd, 21 Wn. App. 465, 586 P.2d 878 (1978), that attack, although collateral, would be allowed because the plea defect was of a constitutional nature.*

(Italics ours.) *Holsworth,* 93 Wn.2d at 159. Thus, although the first section underscores the constitutional importance of valid guilty pleas to support step convictions in recidivist proceedings, the court did not accord the challenge constitutional status.

The second section of the analysis concerns the defendant's and the State's duties when the voluntariness of a prior guilty plea is at issue. The court dismissed the State's arguments that the defendant bore the burden of proof of involuntariness:

> *[O]nce the issue is raised by the defendant,* the State has the burden of proving beyond a reasonable doubt that the defendant, in a prior conviction relied on by the State to prove his habitual criminal status, was apprised of the nature of and consequences of pleading guilty to the offense to which he pleaded guilty.

(Italics ours.) *Holsworth,* at 160. Shifting the burden to the prosecution only after the defendant placed voluntariness at issue implies that a challenge to the elements of the charge does not present a constitutional issue. *See, e.g., State v. Acosta,* 101 Wn.2d 612, 615–19, 683 P.2d 1069 (1984) (defendant must raise issue of self–defense before it becomes an element of the charge).

The court further evinced such a conclusion when it stated:

> [T]his challenge is not a collateral retroactive attack, *but rather goes to the present use of a prior conviction to prove the essential element of a present charge.*

(Italics ours.) *Holsworth,* at 160. The second section, therefore, clearly indicates that the voluntariness challenge relates to proof of the elements of habitual criminal status, not to a constitutional violation. If the challenge had been of constitutional magnitude, the court would not have needed to discuss when the State's burden of proof could arise. Since a defendant can challenge the voluntariness of a plea at any time, the prosecution bears the burden of proof of voluntariness regardless of when the defendant challenged the prior guilty plea. The court's analysis sug-

gests that the challenge is not of constitutional magnitude and must be raised at the recidivist hearing.

Subsequent court decisions have made it clear that the voluntariness of a prior guilty plea concerns the State's burden of proof and whether there has been a deprivation of constitutional rights. *State v. Swindell*, 93 Wn.2d 192, 607 P.2d 852 (1980) was filed shortly after *Holsworth*. *Swindell* also spoke to the situation in which a defendant challenges the voluntariness of a prior guilty plea.[1] The court emphasized that the challenge went to the elements of the offense, not to constitutionality:

> [D]efendant seeks to foreclose the *prior* conviction's *present* use to establish an essential element of [the current offense], *i.e.,* a constitutionally valid conviction for a "crime of violence". Defendant's challenge is thus indistinguishable from *State v. Holsworth, [supra]*.

*Swindell,* at 196. The court then restated the *Holsworth* requirement that the defendant challenge the prior guilty plea before the State bears the burden of proof of voluntariness.

*State v. Williams,* 98 Wn.2d 428, 656 P.2d 477 (1982) does not support the defendant's argument that he can raise the voluntariness issue initially on appeal. While in *Williams* the defendants were allowed to raise the issue of voluntariness initially on appeal, reversal was not on constitutional grounds. In fact, the court states that it agreed with the Court of Appeals:

> A majority of the [Court of Appeals] panel held that failure to question the validity of prior convictions at the trial level forecloses the consideration of that question upon appeal. The reasoning of that court was that, inasmuch as the issue was never raised, the trial court could not have committed error in failing to rule upon it.
> *We have no quarrel with that reasoning. However, as*

---

[1]The defendant challenged his guilty plea to a prior second degree assault conviction. The prior conviction for second degree assault was a necessary predicate for the current conviction for carrying a concealed weapon after having been convicted of a crime of violence. *State v. Swindell,* 93 Wn.2d 192, 196, 607 P.2d 852 (1980), citing RCW 9.41.040.

*we perceive the question, it is not whether the trial court committed error but whether a limited retroactive effect should be given to the new rule laid down by this court.* The answer to that question lies within the discretion of this court as enunciator of the rule. *See Lau v. Nelson,* 92 Wn.2d 823, 601 P.2d 527 (1979).

(Italics ours.) *Williams,* at 431.

This court exercised its discretion to remand the case for consideration of the voluntariness issue. The defendants[2] had been convicted prior to *Holsworth;* their cases were on appeal when *Holsworth* was published. Brief of Williams, at 19; Brief of Lowe, at 18. Thus, they could not have known of the *Holsworth–Swindell* burden of proof requirement at their trials. Holding the defendants to a trial requirement of which they had no knowledge would have been unfair. Further, both defendants argued the retroactivity issue in their briefs. Brief of Williams, at 19–34; Brief of Lowe, at 12–18. Because the court decided the case on discretionary retroactivity grounds, it did not reach the issue of the constitutional nature of the challenge. A court will not reach a constitutional issue if it can decide the case on nonconstitutional grounds. *State v. Claborn,* 95 Wn.2d 629, 628 P.2d 467 (1981); *State v. Hall,* 95 Wn.2d 536, 627 P.2d 101 (1981). *See Ashwander v. Tennessee Vly. Auth.,* 297 U.S. 288, 346–48, 80 L. Ed. 688, 56 S. Ct. 466 (1936) (Brandeis, J., concurring). *Williams,* therefore, fails to support a right to raise the voluntariness issue initially on appeal.

In *State v. Chervenell,* this court reversed habitual criminal convictions because the defendants had not been informed of their right to remain silent in their prior guilty pleas. *State v. Chervenell,* 99 Wn.2d 309, 310–11, 662 P.2d 836 (1983). Although the resolution of the case suggests that the defendant may raise the voluntariness issue initially on appeal, no language supports that conclusion. The opinion did not consider the question because the State failed to contest the defendant's right to raise the challenge

---

[2]Defendant Williams raised a *Holsworth* challenge on appeal; defendant Lowe raised a *Swindell* challenge.

initially on appeal. RAP 2.5(a). *See* Brief of State, at 14–23. Thus, *Chervenell* did not address the issue.

The cases discussed indicate that the issue is not one of constitutional magnitude. This conclusion also follows from an examination of the nature of the fact finder's inquiry in a habitual criminal proceeding. The fact finder does not determine whether the defendant has been deprived of his constitutional rights as a general question. The defendant need present no evidence that a violation occurred but must only raise an objection to invoke the *Holsworth* protection putting the State on its proof. *Holsworth,* at 159–60.

The violation of constitutional rights is relevant only to the extent it applies to the habitual criminal proceeding. *Holsworth,* at 159–60. *Swindell,* at 196. It applies when the defendant first places at issue the voluntariness of the prior guilty plea. The State then must establish beyond a reasonable doubt that the plea was voluntary. If the State fails to meet that burden, it has not proved an essential element of the case: a constitutionally valid prior conviction. *Holsworth,* at 159–60; *Swindell,* at 196; *State v. Davis,* 27 Wn. App. 498, 509, 618 P.2d 1034 (1980). The nature of the challenge is to the State's proof, not to a violation of constitutional rights. *See Acosta,* at 616. *Holsworth* protects against the use of a past unconstitutional conviction to support a present determination of habitual criminal status. If the defendant fails to raise the issue, however, the State has no burden to prove voluntariness. *See Holsworth,* at 160–61. At that point, the defendant has not suffered a violation of his constitutional rights in the habitual criminal proceeding; he only has missed an opportunity to enlarge the State's burden of proof.

We find a number of considerations which support this interpretation. First, allowing a defendant to raise the voluntariness issue at any time would tempt a defendant to delay his challenge to await the result of the habitual criminal proceeding. If he lost, he could raise the issue initially on appeal and gain a remand if the State had failed to incorporate voluntariness into its original case. The practi-

cal result would be that the State always would have to establish voluntariness, regardless of whether the defendant had raised the issue. This result and proceeding would be inefficient and directly contrary to *Holsworth. Holsworth,* at 159–60.

Second, the defendant possessed numerous opportunities for contesting the constitutionality of a guilty plea. He could have expressed his lack of voluntariness during the plea hearing. *Boykin v. Alabama, supra.* He could have raised the constitutional issue on direct appeal. *State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977). He could have raised the issue again at the habitual criminal hearing. *Holsworth.* Another opportunity existed in a motion for a new trial. *State v. Fagalde,* 85 Wn.2d 730, 539 P.2d 86 (1975). Considering the conceptual basis of the issue and the numerous opportunities for contesting the guilty plea's validity, the challenge cannot be raised initially on appeal. Courts in other jurisdictions have reached the same conclusion in appeals of repeat–offender determinations. *See, e.g., State v. Nelson,* 379 So. 2d 1072, 1074 (La. 1980); *People v. Jones,* 83 Mich. App. 559, 568, 269 N.W.2d 224 (1978).

We now examine the defendant's challenge as to whether substantial evidence supports the trial judge's findings since the issue relates to the State's proof of the elements of a habitual criminal determination. Our review of the issue is whether, with all inferences resolved in the State's favor, any rational fact finder could have found the elements of the charge beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). The defendant failed to place voluntariness at issue. We therefore examine the evidence without the need to consider such a claim. *See Acosta,* at 616. We conclude from the record that the judge did not err in finding the defendant to be a habitual criminal.

Counsel for defendant conceded at oral argument that, if we uphold the use of the 1976 guilty plea, we need not reach the second issue. Thus, we do not address whether the habitual criminal statute and the Uniform Controlled

Substances Act repeat drug offender provision afford the State unconstitutional discretion to charge.

■ In addition to the issues that the defendant's counsel argued, the defendant raises a number of issues in a pro se supplemental brief. We note initially that a defendant proceeding pro se must comply with all applicable procedural rules. *State v. Fritz,* 21 Wn. App. 354, 363, 585 P.2d 173, 98 A.L.R.3d 1 (1978).

■ The first issue the defendant presents in his pro se brief is whether the State violated his speedy trial rights pursuant to CrR 3.3, and that his counsel was incompetent for failing to raise the issue. He failed to raise the speedy trial objection in superior court. The argument fails. Violations of CrR 3.3 are not constitutionally based. *State v. White,* 94 Wn.2d 498, 502, 617 P.2d 998 (1980). Further, the defendant has not shown the prejudice necessary to sustain a constitutional claim, *State v. Parris,* 30 Wn. App. 268, 274, 633 P.2d 914 (1981), *aff'd,* 98 Wn.2d 140, 654 P.2d 77 (1982), and it cannot be raised for the first time on appeal.

Further, even assuming that the issue could be raised, the defendant's argument is unpersuasive. The defendant committed the offenses in September 1982. Under CrR 3.3 as amended in 1980, the defendant's rights were not violated. He was granted a preliminary appearance in superior court within 72 hours, then the charges were dropped. He then was detained pursuant to a parole hold, but neither the rule nor the decisions authorize the inclusion of a parole hold detention in speedy trial calculations. *State v. Johnson,* 92 Wn.2d 598, 604–05, 599 P.2d 529 (1979); *Wilhelm v. Harvey,* 16 Wn. App. 802, 805, 559 P.2d 597 (1977).

The State filed an information on October 14, and Smith was arraigned on October 18, well within the 14–day limit. CrR 3.3(c)(1). The trial occurred on December 8, 51 days from arraignment. Thus, Smith was tried within the 60–day limit. No speedy trial violation occurred. Counsel committed no error in failing to raise a speedy trial objection. *State v. Stevens,* 69 Wn.2d 906, 908, 421 P.2d 360 (1966).

The second pro se issue is whether the defendant received insufficient notice of the charges pending against him because the information failed to allege knowledge as an element of the offense or the names of those who received the delivered cocaine.

The defendant also raises this issue initially on appeal. He has shown no prejudice or any lack of understanding of the charge against him. The information was not unconstitutionally vague. It will not be considered on appeal. RAP 2.5(a); *Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 588 P.2d 1308 (1978).

The third pro se issue is whether the trial court erred in admitting evidence that was obtained illegally from witnesses, and whether the defendant's counsel was incompetent for failing to object to the admission of such evidence.

■ The defendant argues that his Fourth Amendment rights were violated by the admission of (1) the testimony of Latham and one of the women and (2) the physical evidence seized from those two defendants. Smith argues that they were "fruits" of the stipulated illegal search of his motel room. He raises the argument for the first time on appeal. The defendant's argument is unpersuasive. He has no standing to object to an improper search or arrest of Latham or the woman, or any evidence gained as a result. *State v. Young*, 28 Wn. App. 412, 415–16, 624 P.2d 725 (1981). The defendant's counsel committed no error in failing to object. *State v. Stevens, supra.*

The fourth pro se issue is whether the evidence was sufficient to convict the defendant.

The defendant argues that the jury lacked sufficient evidence to convict him of delivery of cocaine. Appellate review is limited to whether, viewing the evidence most favorably to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Green, supra.*

The evidence admitted supports the jury's finding. Latham testified that he saw the defendant spoon a white

powder into a plastic bag, which police later discovered contained cocaine. The woman testified that Smith had given her a folded piece of paper later determined to hold cocaine. Their testimony, combined with circumstantial evidence from police officers, supports the guilty verdict.

The fifth pro se issue is whether the defendant was denied a fair trial because (1) jurors observed him in shackles, or (2) certain defense witnesses were not allowed to testify.

We cannot determine the validity of or prejudice to the defendant from these allegations, because no evidence of them exists in the clerk's papers or in the verbatim report of proceedings. The defendant made no complaint at trial, the record does not disclose how the defendant appeared to jurors, and no evidence exists of the trial judge's ruling on the witnesses in question. An appellate court must confine itself to matters in the record. *Grobe v. Valley Garbage Serv., Inc.,* 87 Wn.2d 217, 228–29, 551 P.2d 748 (1976); *State v. Bugai,* 30 Wn. App. 156, 632 P.2d 917 (1981).

The sixth pro se issue is whether the defendant was denied his right to a fair trial because the prosecutor commented on the credibility of government witnesses.

The defendant claims that he suffered an abridgment of his Sixth Amendment right to a fair trial because of prosecutorial misconduct. He claims that the prosecutor improperly commented on the credibility of state witnesses. Once again, this issue appears initially before this court. At trial, Smith never objected to any statements made during closing argument, never requested curative instructions or moved for a mistrial.

To sustain a prosecutorial misconduct claim, the defendant must show misconduct and resulting prejudice. *State v. Harvey,* 34 Wn. App. 737, 739–40, 664 P.2d 1281 (1983). We find no evidence of misconduct. Counsel are permitted latitude to argue the facts in evidence and reasonable inferences. *State v. Wilson,* 29 Wn. App. 895, 903 (1981). Moreover, counsel may comment on a witness' veracity as long as he does not express it as a personal

opinion and does not argue facts beyond the record. *State v. Papadopoulos,* 34 Wn. App. 397, 400, 662 P.2d 59 (1983). We find no impropriety in the closing argument.

The seventh pro se issue is whether the trial court erred in its treatment of the "knowledge" elements in the jury instructions.

Smith argues that the jury was improperly instructed on the element of knowledge in the charges at bar. He failed to assign error to the challenged assignments, to set forth the challenged instructions or the defendant's proffered instructions that the judge rejected. The issue will not be entertained on appeal. RAP 10.3(g). *State v. Smith,* 88 Wn.2d 639, 646, 564 P.2d 1154 (1977).

The eighth pro se issue is whether the defendant's counsel was incompetent in his failure to object in the habitual criminal trial to the admission of allegedly invalid guilty pleas in step convictions, or to inform the defendant of the State's burden of proof regarding the voluntariness of his prior guilty pleas.

The defendant cites numerous alleged errors in his trial counsel's performance in the habitual criminal hearing.

The defendant asserts a number of collateral matters which he claims his defense counsel should have raised. The defendant contends further that his counsel was incompetent for failing to inform him of the State's burden of proof in the habitual offender proceeding.

The test for counsel incompetence is whether, after an examination of the whole record, the defendant has received effective representation and a fair and impartial trial. *E.g., State v. Roberts,* 69 Wn.2d 921, 922–23, 421 P.2d 1014 (1966). A showing of prejudice must be made also. *State v. Cobb,* 22 Wn. App. 221, 226, 589 P.2d 297 (1978). We have examined the record of the cocaine delivery trial and the habitual criminal proceeding. We have considered the record in light of all of the defendant's claims of incompetence and find that the defendant received effective representation and a fair trial.

Finally, the defendant claims that the evidence of the

step convictions are forgeries. The documents are stamped and certified; their validity is attested to by sworn affidavits. The defendant presented no contrary evidence. The pro se arguments are meritless.

The judgment and sentence are affirmed.

DOLLIVER, C.J., and DORE, ANDERSEN, and DURHAM, JJ., concur.

PEARSON, J. (dissenting)—The majority holds the invalidity of a plea of guilty to an underlying felony which establishes an essential element of a habitual criminal charge is not an error of constitutional magnitude that can be raised for the first time on appeal. The majority also holds appellant cannot raise for the first time on appeal challenges to the propriety of (1) the information under which he was charged and (2) the jury instructions under which he was convicted. I dissent from the majority's opinion on each of these three issues.

I

The law in this state respecting the use of challenges to allegedly invalid convictions for the first time on appeal is unclear at best. I fear the majority merely compounds the confusion. Accordingly, I believe it useful to review the progression of the law in this area.

History in this area begins with *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). In *Boykin,* the Court held that "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin,* at 242. According to the Court, "if a defendant's guilty plea is not . . . voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin,* at 243 n.5. Clearly then, the error of which the Court spoke in *Boykin* was of constitutional magnitude which could be raised for the first time on appeal. In fact, a reading of *Boykin* itself implies that the petitioner in that case failed to raise the voluntariness issue

until he appealed his death sentence to the Alabama Supreme Court.

In *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980) this court considered *Boykin* in the context of guilty pleas to felonies used to establish habitual criminal status under the then existing habitual criminal statute, RCW 9.92.090. The issue in *Holsworth* concerned the right of a criminal defendant to challenge the State's use in a habitual criminal proceeding of allegedly invalid guilty pleas entered before the decision in *Boykin*. We held that a defendant could raise such a challenge at the time of the proceeding, placing upon the State the burden of proving beyond a reasonable doubt that the pre–*Boykin* conviction was valid. *Holsworth*, at 159.

In reaching this conclusion, this court noted that "violation of the defendant's constitutional rights is 'renewed' through use in a habitual criminal proceeding of an uninformed guilty plea which thus violates due process." *Holsworth*, at 157. Contrary to the majority's position, a procedural defect of constitutional magnitude existing at the time of the original guilty plea, which is "renewed" for purposes of the habitual criminal proceeding, simply cannot be stripped of its constitutional nature when the habitual criminal conviction is appealed, even if the error was not raised at the habitual criminal proceeding. A contrary result absolutely confounds logic.

In the case of *In re Lee*, 95 Wn.2d 357, 623 P.2d 687 (1980) this court stated in dictum that "even though a petitioner raised no objection at trial to the admissibility of evidence of a prior conviction based on pre–*Boykin* guilty pleas, as a matter relating to a *constitutional right* he would not have been precluded from raising the issue on appeal." (Italics mine.) *In re Lee*, at 364. The court then held that all but one of the petitioners was precluded from raising the issue by collateral attack in their personal restraint petitions. *In re Lee*, at 364. The case before us, however, is a direct appeal from a jury conviction. Therefore, a challenge to the validity of a prior invalid guilty plea

should now be heard.

In *State v. Williams*, 98 Wn.2d 428, 656 P.2d 477 (1982), the court referred to the dictum appearing in *In re Lee*, phrased the question as to whether we should adhere to that dictum, *Williams*, at 430, and then decided the case on different grounds. *Williams*, at 433–34. The case admittedly is confusing; but contrary to the majority's opinion, it does not defeat appellant's contention that he is entitled to review of this issue initially on appeal. After discussing three cases in the Court of Appeals which held that a challenge could be entertained despite the fact that the issue was not raised at trial, the *Williams* court simply sidestepped the issue. *Williams*, at 430–31. Accordingly, the issue is before this court once again and warrants a resolution contrary to that supplied by the majority.

I agree with the majority that an assignment of error generally will not be considered on appeal if no exception is taken at trial. *See, e.g., Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 588 P.2d 1308 (1978) (case involving liability of multiple tortfeasors, raising no issues of constitutional magnitude). I also agree with the majority that manifest constitutional error may be raised for the first time on appeal. RAP 2.5(a). I believe this is especially true if the error affects such fundamental aspects of due process as the right to have the State prove every element of the charge beyond a reasonable doubt. *See State v. Johnson*, 100 Wn.2d 607, 614, 674 P.2d 145 (1983); *State v. McHenry*, 88 Wn.2d 211, 213, 558 P.2d 188 (1977).

The due process clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Accordingly, if the State convicts a defendant with insufficient evidence, the defendant's Fourteenth Amendment rights are thereby implicated. In fact, this court recently stated that a challenge to the sufficiency of the evidence is of constitutional magnitude such that it can be raised ini-

tially on appeal. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

As recognized by the majority, the existence of three valid felony convictions is a necessary element of the habitual criminal statute, RCW 9.92.090, which must be proved by the State beyond a reasonable doubt. *Holsworth*, at 159. The majority also concedes that one of appellant's prior felony convictions is invalid because he did not voluntarily waive his constitutional right against self–incrimination as required by *Boykin*. Accordingly, appellant was convicted on the basis of insufficient evidence, in violation of the Fourteenth Amendment. Therefore, his challenge to the sufficiency of the evidence should be heard initially on appeal. *See State v. Baeza, supra.* A contrary result offends the very constitution which we have sworn to uphold.

## II

At the outset of this dissent I also stated that I disagreed with the majority's conclusion that appellant cannot raise initially on appeal challenges to the propriety of the information under which he was charged and the jury instructions under which he was convicted.

With respect to the deficiency of the information, the majority states:

> The defendant also raises this issue initially on appeal. He has shown no prejudice or any lack of understanding of the charge against him. The information was not unconstitutionally vague. It will not be considered on appeal.

Majority opinion, at 509. Although the majority identifies the correct RAP, reliance on *Seattle–First Nat'l Bank v. Shoreline Concrete Co., supra,* is totally misplaced. That case involved liability of multiple tortfeasors and did not raise any issues of constitutional magnitude.

More troubling, however, is the majority's failure to recognize the defect in the information. Appellant is not alleging vagueness, but rather that the information omitted the element of knowledge. In the recently filed opinion of *State*

*v. Holt,* 104 Wn.2d 315, 704 P.2d 1189 (1985), this court stated that "[t]he omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges." *Holt,* at 320. *See also State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983); *In re Richard,* 75 Wn.2d 208, 449 P.2d 809 (1969); *Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954); *Seattle v. Jordan,* 134 Wash. 30, 235 P. 6 (1925). This court also stated that "the law of this state has long been that a criminal defendant can raise objections to an information which completely fails to state an offense [by omission of an element] at *any* time." *Holt,* at 321. *See also Seattle v. Jordan, supra; Seattle v. Morrow, supra.*

Appellant in this case was charged with delivery of a controlled substance under RCW 69.50.401. Although the statute does not state that knowledge is an element of the offense, this court so held in *State v. Boyer,* 91 Wn.2d 342, 344, 588 P.2d 1151 (1979). In *Boyer* this court addressed the absence of knowledge as an element under RCW 69.50-.401, stating that:

> The language of the statute thus provides no guidance on the issue before us. However, without the mental element of knowledge, even a postal carrier would be guilty of the crime were he innocently to deliver a package which in fact contained a forbidden narcotic. Such a result is not intended by the legislature. Accordingly . . . we find . . . that guilty knowledge is intrinsic to the definition of the crime itself.

*Boyer,* at 344.

The holding in *Boyer* clearly shows that as early as 1979 the State was aware that knowledge was an element of the crime of delivery of a controlled substance. Ignoring fine distinctions, I believe that a court imposed element, the absence of which would render the statute unconstitutional, is equivalent to the statutory element of which we speak in *Holt.* Accordingly, under *Holt* and its precedents, I believe appellant is entitled initially to raise on appeal a challenge

to the sufficiency of an information omitting an essential element of the crime of which he was charged.

### III

With respect to appellant's challenge to the deficiency of the jury instructions on the element of knowledge, the majority states: "Smith argues that the jury was improperly instructed on the element of knowledge in the charges at bar. . . . The issue will not be entertained on appeal." Majority opinion, at 511. The majority relies on *State v. Smith*, 88 Wn.2d 639, 646, 564 P.2d 1154 (1977) to support this conclusion. The cited case has absolutely nothing to do with the issue in the instant case of whether a challenge to jury instructions can be raised initially on appeal, and in no way supports the majority's position.

In fact, the majority's assertion is directly contrary to the court's holding in *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (1983). In *Johnson*, this court addressed the defendant's claim of deficient jury instructions on the presumption of intent. The court stated that failure to assert error in the instruction on presumption of intent at trial does not bar raising the claim of error on appeal, because the instruction violated the defendant's constitutional right to have the State prove him guilty beyond a reasonable doubt. *Johnson*, at 614. *See also In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Accordingly, although he may be asserting merely harmless error, I believe appellant is entitled to have his claimed error reviewed by this court on appeal.

In sum, I believe the majority heaps confusion onto this already confused area of the law, ignoring or misreading existing precedent to reach a desired result. Since each of the errors raised by appellant is clearly of constitutional magnitude, I would entertain them initially on review of this appeal. Further, since the record plainly shows the State failed in its burden of proof on the habitual criminal charge, and because of the defective information, I would reverse and dismiss appellant's conviction for delivery of a

518

controlled substance and his conviction as a habitual criminal.

UTTER, BRACHTENBACH, and GOODLOE, JJ., concur with PEARSON, J.