[No. 24462-1-I.   Division One.   August 24, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. HUGH ALLEN STOVER, *Appellant.*

*Karen Ann Chaney* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

BAKER, J. — Hugh Allen Stover appeals his convictions for first degree assault, first degree robbery, two counts of attempting to elude a police vehicle, and attempted first degree robbery. Stover contends that (1) prosecutorial misconduct denied him a fair trial; (2) the amended information incorrectly charged him with first degree robbery and attempted first degree robbery; (3) the trial court erred in refusing to conduct an in camera review of one of the victim's medical records; and (4) the trial court erred in imposing financial obligations on him. We find no error, and affirm.

## FACTS

Stover's robbery conviction arose from an incident in which he and Todd Scott drove into the parking lot of an apartment complex where Scott pointed a gun at a resident and said, "Give me your wallet." According to the resident, Stover made no effort to restrain Scott.

Stover denied having any knowledge that Scott was planning to rob anyone. He testified that when Scott demanded the wallet, he grabbed Scott's arm and asked, "What are you doing?" Scott testified that Stover did not know he was going to rob anyone because he acted on the spur of the moment.

Later that evening, Stover drove by a tavern with Scott and two other friends. Robert McDonald exited the tavern at approximately 2 a.m. He had been in the tavern since 10

p.m. and had consumed one or two pitchers of beer. The testimony at trial concerning this incident was controverted. McDonald testified that when he reached his car, a black male approached him from behind and held a gun to his head. A second person was standing by the passenger door of the car, also aiming a gun at McDonald's head. McDonald stated that the person behind him said, "Give me your money or you're dead." McDonald told them he did not have any money and one of the men shot him.

During the trial, the prosecutor repeatedly questioned Scott and Stover in a manner which required them to characterize other witnesses' testimony as lies. Counsel for the defense did not object to this line of questioning. During the rebuttal portion of his closing argument, the prosecutor stated: "Well, I would suggest to you that you have been lied to repeatedly, and primarily by him. You also have lies by the defendant and also by Mr. Scott repeatedly, and Mr. Scott, personally, has no qualms about that." Defense counsel did not object to the prosecutor's statements on rebuttal.

## PROSECUTORIAL MISCONDUCT

Stover asserts that the prosecutor improperly engaged in name calling of defense witnesses, asked witnesses to express an opinion as to whether other witnesses had lied, and asked witnesses to state legal conclusions. In addition, he contends that in closing argument, the prosecutor improperly suggested that the defense witnesses lied. Stover contends that the cumulative effect of the prosecutor's misconduct denied him a fair trial.

■ In order to establish prosecutorial misconduct, "the defendant must show misconduct and resulting prejudice." *State v. Smith*, 104 Wn.2d 497, 510, 707 P.2d 1306 (1985). Cross examination designed to compel a witness to express an opinion as to whether other witnesses were lying constitutes misconduct. *State v. Casteneda-Perez*, 61 Wn. App. 354, 363, 810 P.2d 74, *review denied*, 118 Wn.2d 1007 (1991); *State v. Barrow*, 60 Wn. App. 869, 809 P.2d 209, *review denied*, 118 Wn.2d 1007 (1991). In addition, comments calcu-

lated to appeal to the jury's passion and prejudice and encourage it to render a verdict on facts not in evidence are improper. *State v. Dennison*, 115 Wn.2d 609, 801 P.2d 193 (1990); *State v. Belgarde*, 110 Wn.2d 504, 755 P.2d 174 (1988).

In this case, the prosecutor repeatedly asked Stover and Scott whether other witnesses had lied. The State contends that this technique was proper because credibility was an issue, relying on *State v. Graham*, 59 Wn. App. 418, 798 P.2d 314 (1990), and because the witnesses were not police officers, as in *Casteneda-Perez*. We disagree.

In *Graham* we held that the prosecutor properly questioned the defendant regarding the victim's motive to lie because the defendant in that case had focused on the victim's credibility and repeatedly portrayed her as untruthful. We concluded that "[u]nder such circumstances it was not unreasonable to allow the State to pursue the issue and inquire of Graham as to [the victim's] motive to lie about the abuse." *Graham*, 59 Wn. App. at 427.

Contrary to the State's argument, *Graham* does not stand for the broader proposition that whenever credibility is central to a case, it is proper for the State to repeatedly and in an argumentative manner question a witness as to whether another witness lied. Moreover, in *Graham*, the issue on appeal was whether the cross examination improperly shifted the burden of proof to the defendant. Because the jury was instructed that the State had the burden of proving each element and the prosecutor's questions were reasonable under the circumstances, we held that the cross examination did not have the effect of shifting the burden of proof.

We also disagree with the State's suggestion that our holding in *Casteneda-Perez* is limited to witnesses who are police officers. We discern no valid policy basis for distinguishing between police officers and civilian witnesses in this context. Accordingly, we hold that the prosecutor's repeated questioning designed to compel defense witnesses to state whether other witnesses had lied was improper. In addition, we hold that the prosecutor's gratuitous remarks

232

concerning the defense witnesses' credibility and the cross examination designed to compel the witnesses to state legal conclusions were improper.

■ However, the prosecutor's comments during cross examination, while improper, were not so egregious as to be incapable of cure by an objection and an appropriate instruction to the jury. Therefore, this issue was not properly preserved for review on appeal. *Dennison*, 115 Wn.2d at 623.

Stover further asserts that the prosecutor's remarks during closing argument improperly implied that the defense witnesses lied. Greater latitude is given in closing argument than in cross examination. Counsel may comment on a witness's veracity or invite the jury to make reasonable inferences from the evidence so long as counsel does not express a personal opinion. *Graham*, 59 Wn. App. at 429. Moreover, any possible impropriety in the prosecutor's closing argument could readily have been cured by an objection and a curative instruction to the jury. Accordingly, we hold that Stover waived any objection to the claimed misconduct.

Since the remainder of this opinion has no precedential value, it will not be published. *See* RCW 2.06.040; CAR 14.

GROSSE, C.J., and COLEMAN, J., concur.

Review denied at 120 Wn.2d 1025 (1993).