IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 77068-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ERIK JON CARTER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: March 18, 2019 |

HAZELRIGG-HERNANDEZ, J. — A jury convicted Erik Carter of assault in the second degree. Carter seeks reversal, arguing that prosecutorial misconduct and ineffective assistance of counsel denied him his constitutional right to a fair trial. Because Carter cannot show that the prosecutor's argument was improper or that defense counsel's performance was deficient, we affirm.

## FACTS

On October 20, 2016, Sam Harris, Erik Carter, and Carter's fiancée, Jessica Bush, attended a meeting of their local iron workers union at the Labor Temple in Seattle. After the meeting, a fight broke out involving several union members, including Harris. A surveillance camera across the street recorded much of the fight and subsequent events. Carter was not initially involved in the fight. Bush was verbally involved, attempting to "referee" the participants and urging them to fight one-on-one, rather than as a group. At one point when Harris had stepped

away from the fight, he and Bush exchanged heated words. Carter then lunged forward and punched Harris in the face, causing him to fall backward. Carter testified that he acted to protect Bush because he believed that Harris was about to push or strike her. The surveillance video showed that Harris was leaning his left arm against a concrete pillar and resting his right arm on his hip. As Harris fell, he struck the concrete pillar and then the ground. Harris sustained a skull fracture and severe traumatic brain injury.

Carter was charged with assault in the second degree. The State further charged that the injury to the victim substantially exceeded the level of bodily harm necessary to satisfy the elements of the crime. At trial, the jury received an instruction that the lawyers' statements are not evidence. During closing argument, the prosecutor told the jury that although the defendant was presumed innocent, he was "not to be presumed truthful" as a testifying witness. The prosecutor encouraged the jury to assess his bias and motivation like any other witness. The prosecutor stated that "Carter's motivation is for you not to convict him. He is the most biased witness that you heard from." Defense counsel objected to this statement as improper argument and the court sustained the objection. The defense counsel did not request that the statement be stricken from the record. Therefore, the prosecutor's statement remained. The State reminded the jury at the beginning of its rebuttal argument that nothing the attorneys say is evidence. The jury returned a verdict of guilty as charged and found that the victim's injuries substantially exceeded the level of bodily harm necessary to meet

the elements of the crime. The court imposed an exceptional sentence of a term of confinement of 24 months due to the presence of the aggravating circumstance.

## DISCUSSION

Carter argues that the State committed prosecutorial misconduct during closing argument that infringed upon his constitutional rights to testify in his own defense and receive a fair trial. Additionally, Carter next argues that he was denied his constitutional right to effective representation because defense counsel failed to ensure that the statement was stricken from the record. Because Carter cannot show improper argument or deficient performance, we affirm.

I. Prosecutorial Misconduct

Carter argues that the prosecutor's statement regarding the defendant's bias and motivation as a witness unconstitutionally penalized the defendant for exercising his right to testify in his own defense. The Washington State Constitution guarantees criminal defendants the right to appear and defend in person and the right to testify on their own behalf. Wash. Const. art. I, § 22. A defendant who chooses to testify at trial puts his credibility at issue by doing so. See State v. Easter, 130 Wn.2d 228, 237, 922 P.2d 1285 (1996). The State may not draw adverse inferences from the exercise of a constitutional right or take action which will unnecessarily chill or penalize the assertion of a constitutional right. State v. Rupe, 101 Wn.2d 664, 705, 683 P.2d 571 (1984).

Here, Carter asserts that his constitutional rights were infringed because the prosecutor attacked the credibility of his trial testimony based solely on his status as the defendant rather than the evidence produced at trial. However, the

State more properly frames the applicable constitutional issue whether the prosecutor argued that Carter was not credible because he had exercised his right to testify on his own behalf. Had the defendant not elected to testify, his credibility as a witness would not have been at issue. The prosecutor did not argue that the defendant's testimony was unreliable because he chose to testify in his own defense, but rather that Carter had a greater interest in the outcome of the case than any of the other witnesses. The prosecutor's comparative language— "[Carter] is the most biased witness <u>that you heard from</u>"—does not necessarily suggest that the defendant is the most biased witness in every case. However, a testifying defendant does have an interest in avoiding conviction. This is a factor that the jury may properly consider when assessing the credibility of the defendant as a witness. Accordingly, the State did not infringe upon Carter's right to participate in his own defense.

Carter contends that the prosecutor's remark constituted misconduct and denied him a fair trial. As quasi-judicial officers, prosecutors have a duty to act impartially in the interest of justice. <u>State v. Reed</u>, 102 Wn.2d 140, 147, 684 P.2d 699 (1984). When a defendant claims that prosecutorial misconduct occurred, the burden rests on the defendant to show that the prosecutor's conduct was both improper and prejudicial. <u>State v. Fisher</u>, 165 Wn.2d 727, 747, 202 P.3d 937 (2009). The reviewing court is not required to reverse if the prejudicial effect of the allegedly improper conduct could have been remedied by a curative instruction which the defense failed to request. <u>State v. Russell</u>, 125 Wn.2d 24, 85, 882 P.2d 747 (1994). When defense counsel fails to make an adequate timely objection

and request a curative instruction, the issue of misconduct is waived unless any improper remark was so flagrant and ill-intentioned that the resulting prejudice could not have been cured by an instruction. State v. Gentry, 125 Wn.2d 570, 640, 888 P.2d 1105 (1995).

We first consider whether the comment is in fact improper. Reed, 102 Wn.2d at 145. In closing argument, prosecutors are allowed to draw reasonable inferences from the evidence and have wide latitude in making arguments to the jury. Fisher, 165 Wn.2d at 747. It is improper for prosecutors to assert their personal belief as to the credibility of a witness. Reed, 102 Wn.2d at 145. However, prosecutors may comment on the truthfulness of a witness as long as the comment does not express a personal opinion or argue facts beyond the record. State v. Smith, 104 Wn.2d 497, 510–11, 707 P.2d 1306 (1985). Prejudicial error does not occur until it is clear and unmistakable that counsel is expressing a personal opinion rather than arguing an inference from the evidence. State v. Papadopoulos, 34 Wn. App. 397, 400, 662 P.2d 59 (1983). Alleged improper comments, are reviewed in the context of the entire argument. Fisher, 165 Wn.2d at 747.

Here, the prosecutor argued that Carter's testimony was inconsistent with his own prior statements, the testimony of eyewitnesses, and the surveillance video. The prosecutor urged the jury to assess the defendant's credibility as a witness in the same way that they would any other witness, taking into consideration any bias or personal interest in the outcome of the case that the witness may have. Much of this language was taken directly from the first jury

instruction, which the jurors had already heard. The prosecutor then argued that Carter's relative bias was greater than any of the other testifying witnesses. In the context of the argument, this comment on Carter's credibility appears to have been a reasonable inference based on the evidence rather than an assertion of the prosecutor's personal belief. Because this comment was not improper, Carter's prosecutorial misconduct claim fails.

## II. Ineffective Assistance of Counsel

Carter contends that his trial counsel was ineffective due to the failure to ensure that the challenged statement was stricken after the objection was sustained. Because the prosecutor's remark was not an improper statement of personal opinion on the credibility of a witness, no reasonably prudent attorney would have requested that the trial court strike it from the record. Therefore, his ineffective assistance of counsel claim fails.

We affirm.

WE CONCUR: